**UNITED STATES of America, Appellee,**

v.

**Luke BLACK ELK, Jr., Appellant.**

**No. 78–1234.**

United States Court of Appeals, Eighth Circuit.

Submitted July 10, 1978.

Decided July 18, 1978.

---

Ramon A. Roubideaux, Rapid City, S.D., on brief, for appellant.

David V. Vrooman, U.S. Atty., Sioux Falls, S.D., and Donald A. Porter, Jr., Asst. U.S. Atty., Rapid City, S.D., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Luke Black Elk, Jr., an Indian, was convicted of murder in the second degree, in violation of 18 U.S.C. §§ 1153 and 1111. The District Court sentenced Black Elk to fifteen years imprisonment. On appeal, Black Elk contends: (1) the evidence was insufficient to sustain the verdict, and (2) the sentence was excessive. After a careful review of the record, we conclude that both claims must be rejected.

## SUFFICIENCY OF THE EVIDENCE

We have carefully reviewed the record and hold that the evidence is sufficient to sustain the conviction. The undisputed evidence is that the victim, Samuel Leo Afraid of Bear, died a short time after having been severely beaten in the presence of Black Elk. The eyewitness testimony of Rudolph Running Shield, who confessed to participating in the beating, is that Black Elk also participated. While there are inconsistencies in Running Shield's testimony and while there is evidence that he had been drinking and sniffing paint on the day of the beating, the substance of his testimony, that Black Elk hit and kicked Afraid of Bear, is unrefuted.

During the course of the trial, the credibility of Running Shield was vigorously attacked. Notwithstanding, the jury obviously accepted his version of the incident. We will not reassess his credibility even though Running Shield was an accomplice. We cannot substitute our judgment for that of the jury, particularly where as here, the jury was properly cautioned as to the reliability of such testimony. *See Foston v. United States*, 389 F.2d 86 (8th Cir.), *cert. denied*, 392 U.S. 940, 88 S.Ct. 2319, 20 L.Ed.2d 1401 (1968).

The jury was properly cautioned concerning testimony given in return for some personal advantage. The conditions of the plea bargain and Running Shield's understanding of them were made known to the jury. It was for the jury and not this Court to consider these factors in assessing the credibility of Running Shield's testimony.

Black Elk argues specifically that there was insufficient evidence of malice aforethought, an essential element of the crime of murder in the second degree. Malice does not require proof of a subjective intent to kill. Malice may be established by evidence of conduct which is "reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *United States v. Cox*, 166 U.S.App.D.C. 57, 59, 509 F.2d 390, 392 (1974). The testimony of Running Shield, if believed, provides sufficient evidence of such conduct on the part of Black Elk from which a jury could properly infer the requisite malice.[1]

In sum, after a careful review of the record, we find sufficient evidence from which a jury could conclude that Black Elk was guilty as charged. *See Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Overshon*, 494 F.2d 894, 896 (8th Cir.), *cert. denied*, 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974). We, therefore, hold that the trial court did not err in denying the defendant's motion for a directed verdict of acquittal and in submitting the case to the jury. We further hold that the trial court did not err in denying defendant's motion for a new trial.

### EXCESSIVE SENTENCE

Black Elk was sentenced to fifteen years imprisonment, a term well below the maximum penalty for second degree murder of life imprisonment. 18 U.S.C. § 1111. At sentencing, the trial court had before it a presentence report and Black Elk's considerable prior criminal record. The court allowed Black Elk and his counsel to speak at length regarding possible mitigating circumstances.

We find no abuse of discretion in the imposition of sentence. We, thus, deny the claim that the sentence is excessive.

The judgment is affirmed.

---

1. Black Elk's citation to this Court's decision in *DeMarrias v. United States*, 453 F.2d 211 (8th Cir. 1972), is inapposite. In *DeMarrias*, we reversed a second degree murder conviction due to insufficient evidence of malice aforethought. In that case, there were no witnesses to the fatal assault and no evidence of what happened for the six-hour period during which the murder occurred. We held malice could not be inferred from events not connected to the time of the homicide. In the instant case, however, there is direct evidence of the circumstances of the fatal assault from which malice may be inferred.