**UNITED STATES of America, Appellee,**

v.

**Harold Dean JOHNSON, a/k/a Harold Dean Blaine, Appellant.**

**No. 88–5346.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1989.

Decided July 10, 1989.

Paul D. Stickney, Sioux Falls, S.D., for appellant.

John Ulrich, Sioux Falls, S.D., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and LARSON,* Senior District Judge.

MAGILL, Circuit Judge.

Harold Dean Johnson was convicted of murder in the second degree, pursuant to 18 U.S.C. §§ 1111, 1153. Johnson appeals on two grounds, alleging error in the admission of evidence of a prior act and in the application of the Sentencing Guidelines. We affirm.

I.

On the afternoon of March 29, 1988, Johnson and his sister, Ila Johnson, visited Gary Bettelyoun, Sr. and his wife, Joyce Bettelyoun, at their home in Dante, South Dakota, on the Yankton Sioux Indian Reservation. When Marvin Blaine, who had earlier been at the Bettelyoun residence, returned, the Johnsons and the Bettelyouns were sitting and talking at the kitchen table. Blaine began arguing with the Johnsons about Ila Johnson's car, which was blocking the driveway. Blaine then insisted that Harold Johnson should buy some beer and grabbed him by the shirt. The argument escalated into a pushing and shoving match. Johnson picked up a knife from the kitchen table and, as the two men wrestled, stabbed Blaine at least three times in the chest and face. Blaine took the knife away from Johnson and put it back on the table. Johnson then fled out the back door. Blaine followed, but after a few steps he collapsed. Blaine was treated at the scene by paramedics and by a physician at the hospital, but died from a stab wound to the heart. Johnson was arrested the next day in Wagner, South Dakota.

After a three-day trial, a jury convicted Johnson of murder in the second degree. He was sentenced to fifteen years imprisonment, placed on five years supervised release upon release from custody, and ordered to pay restitution of $1,100 during each year of incarceration to the family of the victim.

II.

A. Prior Acts Evidence

Johnson objected at trial to the admission of evidence of an incident some six years earlier where Johnson threatened his aunt, Joyce Bettelyoun, with a knife. Bettelyoun testified that Johnson, while intoxicated, had held a knife to her throat. After this testimony was elicited, the trial court gave the jury a limiting instruction, indicating that evidence of this prior act of a similar nature was introduced for the limited purpose of showing state of mind or intent, or absence of mistake or accident. On cross-examination of Bettelyoun, Johnson's attorney attempted to elicit that Johnson was intoxicated at the time of the earlier incident, and that it was done in jest.

On appeal, Johnson contends that the court erred in admitting Bettelyoun's testimony about the prior act. Johnson argues that the evidence improperly put his character in issue; that the evidence was not admitted for any proper purpose; that the incident was irrelevant because it was dissimilar to the act for which he was convicted; and that any probative value of the evidence was substantially outweighed by its potential prejudice.

The government argues that Johnson's claim of self-defense, raised by his attorney during opening argument, put his state of mind or intent at issue. The government also argues that the probativeness of the

* THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

evidence outweighs any prejudice, and that any error in admission was harmless in light of the overwhelming evidence of guilt.

 Evidence of other crimes, acts or wrongs is admissible if it is probative of a material issue other than the character of the defendant. Fed.R.Evid. 404(b); *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). If offered for a proper purpose under Rule 404(b), evidence does not fall within Rule 404(a)'s prohibition of character evidence. Fed.R.Evid. 404 advisory committee notes. The admission of prior acts requires that the evidence be relevant to a material issue, similar in kind and close in time to the crime charged, and substantially more probative than prejudicial. *See, e.g., United States v. Mothershed,* 859 F.2d 585, 588 (8th Cir.1988). We review alleged error in the admissibility of prior wrongful acts under an abuse of discretion standard. *United States v. Bowman,* 798 F.2d 333, 337 (8th Cir.), *cert. denied,* 479 U.S. 1043, 107 S.Ct. 906, 93 L.Ed.2d 856 (1986). Reversal is warranted only where the disputed evidence clearly has no bearing upon any material issue. *United States v. Kandiel,* 865 F.2d 967, 972 (8th Cir.1989).

The trial court admitted evidence of the prior incident as relevant to the issue of state of mind or intent, or absence of mistake or accident. Johnson contends that state of mind or intent are not material issues where, as here, the defendant is charged with second degree murder.

 Malice aforethought is an element of the crime with which Johnson was charged. 18 U.S.C. § 1111. The jury was properly instructed that to prove malice

aforethought, the prosecution must show the defendant's "intent at the time of a killing willfully to take the life of a human being or an intent willfully to act in callous and wanton disregard of the consequence of human life." Malice may be established by evidence of conduct which is "reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *United States v. Black Elk,* 579 F.2d 49, 51 (8th Cir.1978) (quoting *United States v. Cox,* 166 U.S.App.D.C. 57, 59, 509 F.2d 390, 392 (1974)).

 The prior act of threatening Joyce Bettelyoun with a knife was similar in nature to the charged offense as it evinced a wanton deviation from a reasonable standard of care and warranted the inference that Johnson was aware of the serious risk his actions posed to Joyce Bettelyoun.[1] However, the prior act was remote in time, and unconnected to the events surrounding the crime for which Johnson was charged. As the jury charge makes clear, the material issue is Johnson's state of mind *at the time of the homicide. See DeMarrias v. United States,* 453 F.2d 211 (8th Cir.1972) (collateral circumstances unconnected to time of homicide fail to support inference of malice); *Black Elk,* 579 F.2d at 51 n. 1. Because the other act was remote in time and unrelated to the charged offense, we find that the trial court erred in admitting the evidence as to Johnson's state of mind at the time of the charged offense.[2]

 It remains to be considered whether this evidence, although admitted in error,

---

**1.** Johnson distinguishes the prior act from the charged offense on the grounds that, while he had been drinking on the day of the homicide, he was not intoxicated, as he was on the day of the prior incident. We note that self-induced intoxication does not preclude a jury from inferring that the defendant was aware of the serious risk created by his conduct. *See United States v. Fleming,* 739 F.2d 945, 947–48 (4th Cir.1984).

**2.** We also find the evidence was not probative of the issue of "absence of mistake or accident." Although Johnson testified that he intended only to scare Blaine and not kill or seriously harm him, his claim of self-defense does not raise the issue that the act of stabbing Blaine

was accidental. We repeat our admonition that the proponent of the evidence articulate the basis for the relevancy of the prior act evidence and that the court "specify which components of the rule form the basis of its ruling *and why.*" *United States v. Harvey,* 845 F.2d 760, 762 (8th Cir.1988) (emphasis added); *United States v. Mothershed,* 859 F.2d at 589.

We do not, of course, suggest by our holding that prior acts evincing state of mind or intent may not, in some circumstances, be relevant to state of mind at the time of the charged offense. *See, e.g., Wakaksan v. United States,* 367 F.2d 639, 645 (8th Cir.1966) (prior assault between same parties relevant to state of mind and prob-

was sufficiently prejudicial to require a new trial. We are persuaded that it was not. Unlike *DeMarrias*, here there is direct evidence supporting an inference that Johnson acted with malice. Gary Bettelyoun, Jr. testified that he saw Johnson stab Blaine. In his own testimony, Johnson admitted stabbing Blaine, albeit with the claimed intent of self-defense. The jury could infer from the act itself that Johnson had the requisite malicious state of mind when he stabbed Blaine. In light of the substantial evidence of Johnson's guilt, and the limited admission of the evidence, we hold that any error in admission of the prior act evidence was harmless. *See United States v. Kandiel*, 865 F.2d at 973.

### B. Sentencing

 Johnson also claims the trial court erroneously departed from the Sentencing Guidelines in determining his offender status level. He premises this claim on the recommendation of John Hagen, the probation officer who prepared a Pre-sentence Investigation Report, that two points be subtracted from Johnson's status level because he accepted responsibility for his actions. The trial court declined to follow the recommendation, and classified Johnson as an offender at level 33. This resulted in a range of imprisonment from 151 to 188 months, rather than the range of 121 to 151 months applicable under an offender status of 31.

Hagen recommended reduction in the offense level on the basis that "[i]f the Defendant clearly demonstrates a recognition and affirmative acceptance of responsibility for his criminal conduct, reduce the offense level by two levels." Sentencing Guidelines § 3E1.1 at 3.21 (1988). The Guidelines articulate the rationale for a deferential review of a sentencing judge's determination of the defendant's acceptance of responsibility. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this rea-

son, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." Sentencing Guidelines § 3E1.1 at 3.22, application note 5.

Here, the trial judge was also the sentencing judge. At the sentencing hearing, he concluded that Johnson had not accepted responsibility because he fled, hid, and did not voluntarily surrender even after he learned that Blaine had died as a result of the stabbing. We find no abuse of discretion by the trial court in determining Johnson's offense level, and, as the sentence imposed was within the Guidelines' range, we let it stand.

### III.

Evidence of other acts was improperly admitted because it was not relevant to Johnson's state of mind at the time of the charged offense. Nonetheless, other overwhelming evidence of guilt, including evidence contemporaneous to the stabbing, was sufficient to support the jury's finding that Johnson acted with malice. The trial court did not err in applying the Sentencing Guidelines. Accordingly, the conviction and sentence are affirmed.

---

able intent). A claim of self-defense clearly makes a defendant's "motives and mental attitude *toward the victim*" material issues; in the case of malice, however, "there must appear to

be some real connection between the earlier [act] and the alleged crime beyond the allegation that both acts spring from a vicious disposition." *Id.* at 645 (emphasis added).