**UNITED STATES of America, Appellee,**

v.

**Rodney Duane WEDDELL, Appellant.**

**No. 89–5084.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Nov. 28, 1989.

Todd Meierhenry, Sioux Falls, S.D., for appellant.

David L. Zuercher, Asst. U.S. Atty., Pierre, S.D., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Defendant, Rodney Duane Weddell, convicted of voluntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112, appeals from the judgment of the district court,[1] claiming that the court erred in admitting testimony of prior bad acts. We affirm.

On Sunday, October 23, 1988, the Weddell family gathered for dinner at the home of Hazel Weddell in a rural area about seven miles south of Wagner, South Dakota. Among those present were defendant, his brother, Mike, and his sisters, Rose and Carol, together with the decedent, Ronald Gunhammer, Carol's boyfriend.

After dinner, Mike Weddell and defendant, along with Gunhammer, went outside to cut and store wood for Hazel's fireplace. Although no one observed the actual blows being struck, defendant stabbed Gunham-

---

**1.** The Honorable John B. Jones, United States District Judge for the District of South Dakota.

mer four times in the chest with a butcher knife that had been taken from Hazel's kitchen. Carol Weddell testified that she saw defendant "kneeling over [Gunhammer] with the knife in his hand" as she came out of the house. The cause of Gunhammer's death was determined to be an eight-inch-deep knife wound that penetrated the aorta. Three other knife wounds were also present in Gunhammer's chest. Because there was no evidence of defensive wounds, the attending pathologist was of the opinion that the fatal wound was the first to be inflicted.

Defendant testified that he was picking up kindling and that he acted in self-defense upon being attacked with the knife by Gunhammer. Defendant also testified that Gunhammer wanted money that defendant owed him. There was no other testimony of any disagreements between the two men on that day or in recent times.

Although defendant was indicted on a charge of second-degree murder in violation of 18 U.S.C. §§ 1153 and 1111, the jury convicted him of voluntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112. The court imposed a sentence of seventy months' imprisonment and three years' supervised release.

On appeal, defendant maintains that the district court erred in admitting testimony of prior bad acts. The evidence in question concerned defendant's conviction of a felony in 1983 and his practice of carrying a knife. On direct examination, defendant testified that he had been convicted of a felony. On cross-examination, the prosecution inquired as follows:

Q. On direct exam you indicated to a question that you had been previously convicted of a felony, isn't that correct?

A. Yes, I did.

Q. That was in 1983, wasn't it?

A. I think so, yes.

Q. Wasn't that for an assault—

Defense counsel then raised an objection under Fed.R.Evid. 404(b) to any further inquiry about the prior conviction.

Following an offer of proof by the government outside the presence of the jury, during which the government announced its intention to question defendant about his practice of carrying a knife, the court made the following ruling:

THE COURT: Under Rule 404(b), it's the view of the Court that the fact that Mr. Weddell has used a knife on other occasions and his prior testimony about always carrying a knife is in the Court's view admissible under Rule 404(b) to establish intent, preparation or plan of the defendant as well as being admissible on the issue of presence or absence of self-defense since Mr. Weddell has testified that he acted in self-defense.

It's the view of the Court that this evidence is not excludable under Rule 403 since it's the Court's view that the probative value of such evidence in fact outweighs the danger of unfair prejudice or confusion or misleading the jury.

The court then ruled that counsel would not be permitted to cross-examine further on the prior conviction, but would be permitted to cross-examine on other stabbings or use of the knife.

Upon resuming cross-examination, the prosecutor asked:

Q. You have been known to carry knives, haven't you?

A. Once—once upon a time, yes.

Q. You have been known to use them, too, haven't you?

A. Only when necessary.

Q. To stab people?

A. No.

The admissibility of evidence lies within the sound discretion of the trial judge, and rulings on the admission of evidence will not be disturbed on appeal absent an abuse of that discretion. *United States v. Reed*, 724 F.2d 677, 679 (8th Cir.1984). The district court's broad discretion in making evidentiary rulings extends, perforce, to rulings on the admissibility of prior wrongful acts. *United States v. Bowman*, 798 F.2d 333, 337 (8th Cir.1986).

Where intent is an element of the crime charged, evidence of other acts tending to establish that element is generally

admissible. *United States v. Miller*, 725 F.2d 462, 466 (8th Cir.1984). Since defendant claimed self-defense and denied any intent to kill Gunhammer, intent was a material issue to be determined by the jury. *See United States v. Johnson*, 879 F.2d 331, 334 (8th Cir.1989).

In holding that the district court did not err in admitting the challenged testimony under Rule 404(b), we have taken into account our decision in *Johnson*. We held there that a knife threat six years prior and unrelated to the charged offense was too remote in time and unconnected with the charged offense to be admissible on the question of the defendant's state of mind at the time of the charged offense. Here, however, defendant's testimony regarding his practice of carrying and use of knives did not limit that practice to a fixed period remote in time to the charged offense. Rather, his testimony could fairly be interpreted as an acknowledgement that he had been known to use knives whenever necessary. When viewed in that light, defendant's penchant for using knives was relevant to his intent with respect to his use of the knife against Gunhammer, notwithstanding the absence of any evidence of a prior knife assault upon Gunhammer.

There remains the question whether this evidence should have been excluded under Fed.R.Evid. 403 on the ground that its probative value was substantially outweighed by the dangers of unfair prejudice. As noted above, the district court made a specific ruling that the challenged evidence met the test of admissibility under Rule 403.

We review a district court's Rule 403 rulings under an abuse of discretion standard. *United States v. Ellison*, 793 F.2d 942, 949 (8th Cir.1986). "Evidence is probative if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Cerro Gordo Charity v. Fireman's Fund Am. Life Ins.*, 819 F.2d 1471, 1482 (8th Cir.1987) (quoting Fed.R.Evid. 401). Evidence will be considered prejudicial if it creates "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily,

an emotional one." Advisory Committee Note, Fed.R.Evid. 403. We conclude that the district court did not abuse its discretion in ruling that the prejudicial aspects of the disputed evidence did not outweigh its probative value.

Even if we were to hold that the challenged evidence was erroneously admitted, we conclude that the error was harmless given the substantial evidence of defendant's guilt. *United States v. Johnson, supra; United States v. Kandiel*, 865 F.2d 967 (8th Cir.1989); *United States v. Mays*, 822 F.2d 793 (8th Cir.1987). The pathologist's testimony established that Gunhammer had suffered no defensive wounds, a fact that was inconsistent with defendant's testimony that he had swung the knife at Gunhammer several times as Gunhammer kept coming towards defendant and "grabbed hold of me several times." Likewise, Carol Weddell's testimony that she saw defendant kneeling over Gunhammer with a knife in his hand gave lie to defendant's account of the stabbing and constituted powerful evidence of defendant's guilt.

The judgment of the district court is affirmed.