# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3294

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Ronald R. Haukaas, III, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 12, 1999

Filed: March 26, 1999

_____

Before FAGG, LAY, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

At the conclusion of a long evening and night of drinking with several of his friends in and near Mission, South Dakota, on February 15, 1998, Ronald Haukaas III stabbed one of the passengers in the car in which the group was riding. One of the other passengers also suffered a stab wound as she was attempting to protect the initially intended victim of the attack.

Haukaas was convicted by a jury on one count of assault with a dangerous weapon, on two counts of assault resulting in serious bodily injury, and on one count

of the lesser-included offense of simple assault.  See 18 U.S.C. § 113(a)(3), (a)(6), (a)(5), and 1153.  We affirm the convictions.

The government filed a pre-trial notice pursuant to Federal Rule of Evidence 404(b) that it intended to introduce testimony from Haukaas's girlfriend, Sundown White Lance, concerning a prior domestic altercation.  Haukaas filed an objection, which the district court[1] denied.  At trial, over Haukaas's objection, White Lance testified about a domestic incident that had occurred some two years prior to the events giving rise to the present prosecution in which Haukaas had ripped a phone off the wall and attacked her by brandishing  a knife, holding it to her throat, and threatening to kill her.  Haukaas argues that the district court erred in admitting this testimony.

We review the district court's decision to admit evidence under Rule 404(b) for abuse of discretion.  See United States v. Sumner, 119 F.3d 658, 660 (8th Cir. 1997); United States v. LeCompte, 99 F.3d 274, 277 (8th Cir. 1996).  Under Rule 404(b), evidence of prior bad acts is not admissible "solely to prove the defendant's criminal disposition,"  United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995), but is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).

The government's primary purpose for offering the evidence was to establish the intent required by the statute under which Haukaas was charged.  "Where intent is an element of the crime charged, evidence of other acts tending to establish that element is generally admissible."  United States v. Weddell, 890 F.2d 106, 107-08 (8th Cir. 1989).  Haukaas placed the element of intent into issue by contending that he was intoxicated at the time of the stabbing.  See United States v. Smith, 552 F.2d

---

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

257 (8th Cir. 1977). Accordingly, the district court did not err in admitting the challenged testimony for the purpose of establishing the fact that Haukaas had acted with the requisite intent.

Haukaas advanced several other defenses at various stages of the investigation and trial. During the investigation, Haukaas told an FBI agent that the stabbing was an accident. Haukaas then testified at trial that he was holding the knife stationary when the victims thrust themselves on the blade. He later claimed that he acted in self-defense. Thus, the government was entitled to introduce the Rule 404(b) evidence to show an absence of mistake or accident and to rebut the claim of self-defense. See Weddell, 890 F.2d at 108.

Haukaas contends that the district court also erred in failing to provide a limiting instruction regarding the Rule 404(b) evidence. The record indicates, however, that Haukaas successfully argued against the government's proposed limiting instruction and offered none of his own. A defendant who makes it clear that he does not want a limiting instruction will not later be heard to complain that the failure to give one constitutes plain error. See United States v. Williams, 994 F.2d 1287, 1290 (8th Cir. 1990).

In any event, any error in admitting the evidence was harmless, given the overwhelming evidence of Haukaas's guilt. See United States v. Johnson, 879 F.2d 331 (8th Cir. 1989) (applying the harmless error standard); United States v. Kandiel, 865 F.2d 967 (8th Cir. 1989) (same). In addition to attempting to flee from the police, Haukaas offered several inherently inconsistent explanations of the events surrounding the stabbing. His claim that the victims thrust themselves upon the stationary blade is incredible in light of the nerve injuries that one of the victims suffered, resulting in the permanent loss of use of her right arm, and the extensive injuries that the other victim suffered. No more credible is his claim of self-defense.

His only possible defense was that of intoxication, which a properly instructed jury rejected.

The judgment is affirmed.

LAY, Circuit Judge, dissenting.

I must respectfully dissent. In reading the record, it is difficult for me to hold that the defendant received a fair trial. As the majority states, the defendant was convicted of two counts of assault resulting in serious bodily injury, one count of assault with a dangerous weapon, and one count of a lesser-included offense of simple assault. There is no question that all of the participants in the events leading up to the assault charges in this case, including the defendant and both victims, were involved in a night of drinking. The defendant, who suffered cuts and bruises, asserted that the stabbing was in self-defense.

The main difficulty with this case is that the government was allowed to introduce evidence in its case-in-chief of a domestic quarrel between the defendant and his girlfriend which occurred some two years prior to the events giving rise to the defendant's conviction. The evidence about the domestic incident was offered by the government through the testimony of the defendant's girlfriend, Sundown White Lance. She testified that during this domestic dispute the defendant ripped a phone off the wall and held her in her apartment against her will for over three hours. She alleged that the defendant held a knife in his hand as he was choking her and threatened to kill her. According to White Lance, however, the defendant never opened the knife.

I fail to see that the domestic altercation as described by White Lance in any way manifests an intent to assault so as to be admissible under Federal Rule of Evidence 404(b). There is no question that the evidence of the domestic dispute

-4-

demonstrated that the defendant has violent tendencies. In fact, during the motion in limine concerning White Lance's testimony, the government stated to the court, "And the testimony will show, if the Court allows it, that the defendant is a very aggressive person." Tr. at 14. This kind of propensity evidence, however, is exactly what Rule 404 was enacted to prohibit. See United States v. Millard, 139 F.3d 1200, 1204 (8th Cir. 1998), cert. denied, 119 S. Ct. 376 (U.S. Oct. 19, 1998) (No. 98-460).

Evidence is only admissible under Rule 404(b) "when it is (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." United States v. McCarthy, 97 F.3d 1562, 1572 (8th Cir. 1996), cert. denied, 117 S. Ct. 1011 (U.S. Feb. 18, 1997) (No. 96-7461) (citation omitted). The evidence of the defendant's domestic dispute with White Lance does not meet this test. First, it is not relevant or similar in kind to the present assault charges. A domestic quarrel manifests a totally different environmental circumstance than the alleged assault involved here. There should be little doubt that the evidence of the two year old domestic altercation between the defendant and White Lance failed to provide any related evidence of intent to commit the current offenses. Although the earlier incident was also an assault, ripping a phone off the wall and holding his girlfriend against her will hardly shows that the defendant intended to use a knife to wound other persons in a drunken brawl. The alleged similarities of the incidents are based on the fact that the defendant used a knife in both incidents, even though he used a closed knife during the altercation with his girlfriend. Once again, however, this does not manifest the requisite intent to stab another person some two years later. See United States v. Johnson, 879 F.2d 331 (8th Cir. 1989) (holding that a prior incident where the defendant threatened his aunt with a knife was inadmissible to show his state of mind at the time of the offense because it was remote in time and unconnected to the events surrounding the charged murder).

Further, the third prong of the test is also violated in this situation.  The Supreme Court has stated, "Although . . . 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged--or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment--creates a prejudicial effect that outweighs ordinary relevance." Old Chief v. United States, 519 U.S. 172, 181 (1997) (quoting U.S. v. Moccia, 681 F.2d 61, 63 (1st Cir. 1982)).  In Michelson v. United States, 335 U.S. 469, 476 (1948), the Supreme Court also stated that the difficulty with 404(b) evidence is that "it is said to weigh too much with the jury and to so over persuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."  Under the facts of this case, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.  See Fed. R. Evid. 403; United States v. Sostarich, 684 F.2d 606 (8th Cir. 1982) (holding that certain prior act testimony was inadmissible under 403).

I respectfully submit that trial courts are too prone to rely upon the broad principles of admissibility set forth in Rule 404(b) and too often disregard the general rule prohibiting propensity evidence.  In doing so, the courts tend to ignore the more significant standard relating to undue prejudice in Rule 403.  Under the circumstances of this case, Rule 403 should prevent the use of prior act evidence because of the danger of unfair prejudice.  I would hold that the district court abused its discretion in allowing the government to prove its case in the manner in which it did.  It is often said that a defendant is not entitled to a perfect trial; only a fair one.  In this case he was denied both.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-