# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1568

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Todd Allen Ohlmeier,

*Defendant - Appellant*.

——————————

Appeal from United States District Court
for the Southern District of Iowa - Western

——————————

Submitted: November 18, 2021
Filed: February 7, 2022

——————————

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Todd Ohlmeier appeals a portion of the judgment in his criminal case imposing an assessment of $5,000 under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014(a). Ohlmeier argues that the district court plainly erred in finding that he had a positive net worth of $7,283.35 when in fact his net worth was negative $7,283.35, that he was prejudiced by this factual mistake, and that the error should be corrected. We conclude that a remand for further proceedings is warranted.

Ohlmeier pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Federal law provides that a district court, until February 18, 2022, must assess an amount of $5,000 on any "non-indigent person" convicted of that offense. 18 U.S.C. § 3014(a). The amounts collected through this assessment are transferred to a Domestic Trafficking Victims' Fund, administered by the Attorney General. *Id*. § 3014(c).

At sentencing, the district court found that Ohlmeier was not indigent and imposed the $5,000 assessment. The defense argued against the assessment before the ruling, but did not object to the district court's finding about Ohlmeier's net worth. To obtain relief after failing to object, Ohlmeier must establish a plain error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993).

At the sentencing hearing, the district court considered whether Ohlmeier was "non-indigent" for purposes of § 3014(a) and resolved the issue as follows:

> The defendant bears the burden of establishing, proving his indigence. In this instance, we have in front of us the presentence investigation report which, as is reflected in the report, is based upon the defendant's statements, but there are not other records that appear to be documentary in support of those items.
>
> *The total net worth is listed at $7,283.35.* The total monthly cash flow is $844. The Court finds under the applicable statute that he is nonindigent and can be assessed the $5,000 Juvenile Victims of Trafficking Act assessment.

R. Doc. 65, at 29 (emphasis added).

The record shows, however, that Ohlmeier's net worth was listed in the presentence report as *negative* $7,283.35 rather than the *positive* $7,283.35 stated by the district court. R. Doc. 50, at 18. The government suggests that the court "simply misstated" the fact of Ohlmeier's net worth, but the defendant did not object, and the prosecutor did not prompt a correction, so we are left with only the court's reported statement. As the record comes to us, Ohlmeier has established that the district court relied on a plainly erroneous understanding of his net worth in determining whether he was indigent.

We are satisfied that Ohlmeier was prejudiced by this factual error. In the context of plain error review, prejudice means that there is a "reasonable probability" that the error affected the outcome of the proceeding. *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). In making this predictive judgment, we observe that the district court's brief discussion of the indigency question cited only Ohlmeier's purported net worth of $7,283.35 and a monthly cash flow of $844 in support of its finding. The correct data, however, show that Ohlmeier's net worth was both negative and $14,566.70 less than what the district court apparently understood. Given his prison sentence of ninety-six months, Ohlmeier will be approximately sixty-five years old when he is released from custody, and his age, poor health, and criminal history may well affect his potential earning capacity thereafter. Under those circumstances, we believe there is at least a reasonable probability that the district court would have reached a different finding on the issue of indigency if the court had not labored under a misimpression about the defendant's net worth. We do not opine here on whether a finding of indigency is required by the record as a whole, for that is a determination for the district court to make in the first instance, in light of the true facts and subject to review for clear error. *See United States v. Barthman*, 983 F.3d 318, 322-23 (8th Cir. 2020); *cf. United States v. Herron*, 539 F.3d 881, 888-89 (8th Cir. 2008).

We also exercise our discretion to correct the factual error. While the consequences here are not as grave as those where a term of imprisonment is premised on a factual mistake, we do conclude that the public reputation of judicial proceedings would be seriously affected if the judgment were to stand without further consideration. It would reflect poorly on the judicial process if an offender were deemed non-indigent, and required to pay an assessment of several thousand dollars, based on a mistaken understanding that he maintained a positive net worth of more than the assessment when his net worth was actually negative by the same amount.

For these reasons, we vacate the portion of the judgment imposing an assessment of $5,000 under 18 U.S.C. § 3014(a), and remand for further proceedings on that matter.

_____