# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2094
_____

United States of America

*Plaintiff - Appellee*

v.

Teron Deachon Conley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: April 14, 2022
Filed: July 28, 2022
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Teron Deachon Conley was present with companions in a neighborhood in Davenport, Iowa around midnight on September 17, 2019. One of Conley's companions quarreled with residents of the neighborhood, took out a firearm, and started shooting toward where the residents sat on the porch of a duplex. Conley then took the firearm. He first advanced toward the duplex and "let off multiple

rounds" aiming "towards the house." One witness testified that Conley was "shooting at other individuals" and approaching them "like [the] Terminator." A neighbor, Jesse Howard, approached the duplex as Conley fired, concerned for the children inside. Conley fired in Howard's direction and ran toward him, forcing him to take cover behind a van. As he hid, Howard felt "bullets . . . hitting the van" and "hear[d] bullets flying by" and striking nearby objects. At least two bullets struck the van. Eventually, Conley and his companions fled in their vehicle and were arrested following a car chase, crash, and flight on foot.

Conley pleaded guilty to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] applied a cross-reference to the attempted-murder guideline, adopting the presentence investigation report's advisory sentencing guidelines range of 92 to 115 months' imprisonment. *See* U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1(c), 2A2.1(a)(2). The district court applied this cross-reference because it found that Conley possessed the firearm while he attempted second-degree murder, acting with "malice aforethought." Conley was sentenced to 96 months' imprisonment. He appeals, claiming the application of the attempted-murder cross-reference was erroneous.

Ordinarily, "[w]e review the district court's construction and application of the sentencing guidelines *de novo* and its factual findings for clear error." *United States v. Hagen*, 641 F.3d 268, 270 (8th Cir. 2011). "Clear error exists where, viewing the record as a whole, this court is left with the definite and firm conviction that a mistake has been committed." *United States v. Thurmond*, 914 F.3d 612, 613-14 (8th Cir. 2019) (internal quotation marks omitted). Arguments raised for the first time on appeal, however, are reviewed for plain error. *United States v. Callahan*, 800 F.3d 422, 425 (8th Cir. 2015); *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005); *see also United States v. Perrin*, 926 F.3d 1044, 1046 (8th Cir. 2019) (holding that it was immaterial that the government failed to argue plain-error review

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

applied). On plain-error review, we will reverse only if the defendant "demonstrates (1) error, (2) that is plain, and (3) that affects his substantial rights. Even if these three prongs are satisfied, we should only exercise our discretion to correct plain error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ralston*, 973 F.3d 896, 908 (8th Cir. 2020) (brackets omitted).

Conley argues that the application of the cross-reference was erroneous because (1) "specific intent to kill," not "malice aforethought," is the applicable *mens rea* standard; (2) Conley's conduct did not establish specific intent to kill; and (3) Conley acted in self-defense. We disagree.

The guidelines direct that if a defendant unlawfully possessed a firearm "in connection with the . . . attempted commission of another offense," then courts should apply § 2X1.1. § 2K2.1(c)(1)(A). Section 2X1.1(c)(1) provides that "[w]hen an attempt . . . is expressly covered by another offense guideline section, apply that guideline section." Attempted murder is expressly covered by § 2A2.1(a), which establishes a base offense level of 33 "if the object of the offense would have constituted first degree murder" and a base offense level of 27 "otherwise." "Murder is the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a); *cf.* U.S.S.G. § 2A2.1 cmt. n.1 (referring to the federal murder statute for the determination of what constitutes first-degree murder). A defendant acts with malice aforethought if he acts with specific intent to kill—the intention of "tak[ing] the life of a human being"—or acts "in callous and wanton disregard of the consequences to human life." *United States v. Comly*, 998 F.3d 340, 343 (8th Cir. 2021).

Conley cites *Braxton v. United States*, 500 U.S. 344 (1991), for the proposition that the proper standard is specific intent to kill and not the broader standard of malice aforethought, which encompasses both specific intent to kill and callous and wanton disregard of the consequences to human life. *See United States v. Johnson*, 879 F.2d 331, 334 (8th Cir. 1989). Because Conley did not make this

argument before the district court, we review it for plain error. *See Pirani*, 406 F.3d at 549 (applying plain-error review where the defendant objected to a cross-reference in the presentence investigation report but did not allege the specific legal error argued for the first time on appeal). In *Braxton*, the Supreme Court reversed the district court's application of U.S.S.G. § 1B1.2(a), which directs sentencing courts to determine the applicable guideline section by reference to an offense specifically established by a defendant's stipulation. 500 U.S. at 346-47. Holding that the defendant's stipulation did not establish the offense of attempt to kill a federal officer under 18 U.S.C. § 1114, the Court reasoned that the stipulation would have needed to establish that the defendant fired at federal officers "with the intent of killing them." *Id.* at 350-51. In a footnote, it explained that

> [s]ince the statute does not specify the elements of "attempt to kill," they are those required for an "attempt" at common law, which include a specific intent to commit the unlawful act. Although a murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill.

*Id.* at 351 n.* (internal quotation marks and citation omitted); *see also United States v. Grant*, 15 F.4th 452, 458 (6th Cir. 2021) ("[F]or the district court in this case to apply the cross-reference for attempted murder in the second degree, the government needed to show that [the defendant] had a specific intent to kill when he shot [the victim].").

Although the district court purported to find "malice aforethought" and did not specifically find an intent to kill, the alleged error did not prejudice Conley; that is, it did not "affect[] his substantial rights," *see Ralston*, 973 F.3d at 908 (brackets omitted). "In the context of plain error review, prejudice means that there is a 'reasonable probability' that the error affected the outcome of the proceeding." *United States v. Ohlmeier*, 25 F.4th 571, 573 (8th Cir. 2022) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). Conley bears the burden of proving prejudice. *See Pirani*, 406 F.3d at 550. "The Supreme Court has instructed that proving plain error prejudice 'should not be too easy' and 'demand[s] strenuous

-4-

exertion to get relief.'" *Id.* at 552 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)).

Conley has not met his burden. The district court's ruling that Conley "clearly" acted with malice aforethought followed the Government's argument that "the intended target was Jesse Howard," an argument consonant with a specific-intent-to-kill theory. *See Grant*, 15 F.4th at 458 ("[O]ne cannot intend to commit a reckless murder." (internal quotation marks omitted)). The Government also advanced an argument sounding in recklessness, describing Conley as shooting his weapon while "walking around towards where the victims are scattering." *See Johnson*, 879 F.2d at 334. But in finding that Conley committed "attempted murder," the district court endorsed only the Government's first argument, stating that "Mr. Howard is the victim of this attempted shooting" because Conley was "firing into the vehicle where Mr. Howard [wa]s ducking to avoid fire."

Ample case law shows that similar behavior demonstrates specific intent to kill. *See, e.g.*, *Grant*, 15 F.4th at 458 ("[W]e have upheld a district court's finding of the intent to kill based solely on the fact that the defendant shot in the victim's direction such that the bullet could have struck her." (brackets omitted)); *Ngo v. Giurbino*, 651 F.3d 1112, 1114 (9th Cir. 2011) ("[W]hen shots are fired toward a group of people, the jury may draw a reasonable inference from all the circumstances that the shooter intended to kill every person in the group."); *Nelson v. Thieret*, 793 F.2d 146, 148 (7th Cir. 1986) (holding that evidence sufficiently supported specific intent to kill where the defendant pointed a weapon at another person and fired); *see also United States v. Wilson*, 992 F.2d 156, 158 (8th Cir. 1993) (affirming the district court's application of a cross-reference for assault with intent to commit first-degree murder where the defendant fired a shotgun out of a vehicle toward a group of people). Accordingly, Conley cannot show a reasonable probability that the alleged error affected the outcome of the proceeding. *Cf. United States v. Farah*, 899 F.3d 608, 615 (8th Cir. 2018) (holding that it was harmless beyond a reasonable doubt to omit a jury instruction stating that an offense required proof of specific intent to kill

where it was clear that "the jury would have convicted [the defendants] . . . even if the district court had adopted [the] instruction").

We next address Conley's theory of self-defense. For the cross-reference to apply, the government must prove the absence of any defense by a preponderance of the evidence. *United States v. Tunley*, 664 F.3d 1260, 1262 (8th Cir. 2012).

We agree with the district court that Conley's theory of self-defense is too speculative. Although Conley's expert opined, based on three shell casings found on the scene that were connected to an unknown firearm and a bullet hole in the house across the street, that there was another shooter firing at Conley's group, the Government's evidence strongly indicated that Conley was an aggressor. *See United States v. Mattox*, 27 F.4th 668, 677 (8th Cir. 2022) (holding that the "district court did not clearly err in finding that [the defendant] did not act in self-defense" where video evidence depicted the defendant shooting at an armed person who was firing back).

For the foregoing reasons, we affirm Conley's sentence.

_____