# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1887
_____

United States of America,

*Plaintiff - Appellee,*

v.

Garrett Waters,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: February 16, 2023
Filed: June 6, 2023

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted Garrett Waters of three counts of aggravated sexual abuse of a minor. On appeal, Waters challenges the jury instructions, an evidentiary ruling,

and the sufficiency of the evidence supporting his convictions. We conclude that there was no reversible error, and therefore affirm the judgment of the district court.[*]

## I.

In September 2020, seven-year-old C.W., a daughter of Waters, was living with her family in an apartment in Rapid City, South Dakota. One evening, C.W. was playing in a blanket fort with her three-year-old female cousin J.R. When J.R. emerged from the blanket fort, she told her mother, Lynette Roubideaux, that C.W. had touched her genitalia. That same evening, Lynette overheard C.W. tell her own mother, Marie Roubideaux, that she touched J.R.'s genitalia because that is where Waters touched C.W.

Lynette reported the incident to law enforcement officers the next day. When investigators interviewed C.W., she reported multiple incidents of sexual abuse by Waters that occurred when she lived with him on the Pine Ridge Reservation in South Dakota.

A grand jury charged Waters with aggravated sexual abuse of a child in Indian country, in violation of 18 U.S.C. §§ 1153 and 2241(c). Three counts proceeded to trial: One count alleged sexual touching of C.W.'s genitalia, *see* 18 U.S.C. § 2246(2)(D); a second alleged contact between the mouth and vulva, *see* § 2246(2)(B); a third count charged contact between the penis and the vulva involving penetration, *see* § 2246(2)(A).

In the course of C.W.'s direct examination at trial, she explained that she had touched the "middle" of her cousin J.R., because "Garrett taught me that." The

---

[*]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

government asked C.W. to identify what she considered the "middle," and she circled the female genitalia on a diagram. C.W. then testified that Waters touched her "middle" underneath her pants with his hands and mouth, and that he put his "middle" on her "middle." The government asked C.W. what she considered to be Waters's "middle," and she circled the male genitalia on a diagram.

Dr. Cara Hamilton also testified for the prosecution. Hamilton testified that she examined C.W. for possible injuries. Hamilton explained that C.W. referred to her genitalia as her "middle," and that children often use words they already know or understand to describe their body parts.

The jury found Waters guilty on all three counts. The district court sentenced him to a term of 360 months' imprisonment.

II.

A.

Waters first contends that his conviction on Count I should be reversed because the district court erred in instructing the jury. Waters did not object to the instruction in the district court, so we review only for plain error. *See* Fed. R. Crim. P. 52(b). To obtain relief, Waters must show an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732-36 (1993).

Count I charged Waters with the sexual touching of C.W.'s genitalia. *See* 18 U.S.C. §§ 2241(c), 2246(2)(D). The district court instructed the jury that Waters committed the offense if he "knowingly engaged or attempted to engage in a sexual act with [C.W.]." The term "sexual act" was defined as "the intentional touching, not through the clothing, of the genitalia, groin, inner thigh, or buttocks." Under

§ 2246(2)(D), however, the definition of "sexual act" includes only the genitalia. Because the instruction clearly misstated the law, the error was plain.

Even so, Waters is not entitled to relief unless he can show that the error affected his substantial rights. To meet that prong of the plain-error analysis, Waters must show a reasonable probability that the erroneous instruction affected the verdict. *United States v. Ohlmeier*, 25 F.4th 571, 573 (8th Cir. 2022). Waters argues that his substantial rights were affected because the jury could have based its verdict on conduct that is not illegal under § 2246(2)(D). That is, he asserts that the jury could have convicted him for touching C.W.'s "groin, inner thigh, or buttocks" instead of her "genitalia" as required by the statute.

We see no reasonable probability that the mistaken instruction affected the outcome of the trial. The entirety of the evidence and argument concerned whether Waters touched C.W.'s genitalia. C.W. testified that Waters touched her "middle," which she defined as the female genitalia. Dr. Hamilton reported that C.W. referred to her genitalia as her "middle." Neither party mentioned the terms "groin," "inner thigh," or "buttocks" during the four-day trial. No lawyer argued that Waters may have touched a body part other than C.W.'s genitalia or that he could be convicted on that basis. In our judgment, there is no reasonable probability that the jury would have found Waters not guilty of touching C.W.'s genitalia if the instruction had excluded the extraneous terms.

B.

Waters next challenges the admission of C.W.'s testimony about interaction with her cousin—*i.e.*, that she touched cousin J.R.'s genitalia because that is where Waters touched her. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Pendleton*, 894 F.3d 978, 980 (8th Cir. 2018).

Waters contends that the testimony was not relevant. Evidence is relevant if it has "any tendency" to make a fact of consequence "more or less probable." Fed. R. Evid. 401. The disputed testimony was relevant because if C.W. learned from Waters to touch genitalia, then it was more probable that Waters had touched C.W.'s genitalia as charged.

Waters also complains that the evidence was unfairly prejudicial and misleading to the jury. He contends the jury could have mistaken C.W.'s sexualized behavior for his own. A court may exclude evidence if its probative value is "substantially outweighed" by the danger of "unfair prejudice." Fed. R. Evid. 403. Here, the district court reasonably declined to exclude the evidence under Rule 403. C.W.'s testimony about age-inappropriate sexual behavior was not presented in the abstract; she connected it directly to Waters by explaining that she learned the behavior from him. Viewed in that context, the testimony was prejudicial to Waters, but not unfairly so. C.W.'s testimony, if believed, gave the jury reason to conclude that Waters had sexually abused her.

Waters also argues that the district court erred by permitting C.W.'s mother, Marie, to testify to hearsay statements made by C.W. Waters did not object to the evidence at trial, so we review for plain error. *United States v. White Bull*, 646 F.3d 1082, 1091 (8th Cir. 2011). The prosecutor asked Marie whether there was "a person that C.W. named that provided an explanation for her behavior" toward the cousin J.R. Marie answered in the affirmative, and identified the person as "Garrett," meaning the defendant Waters. This report of an out-of-court statement by C.W. was hearsay, but Waters has not demonstrated that the testimony affected his substantial rights. C.W. already testified that she learned the behavior from Waters, so Marie's statement was cumulative and unlikely to have affected the outcome of the trial. *See United States v. Wright*, 340 F.3d 724, 733 (8th Cir. 2003).

C.

Waters next challenges the sufficiency of the evidence to support the sexual abuse convictions. Evidence is sufficient if, when viewed in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Powell*, 469 U.S. 57, 67 (1984).

Waters argues that the evidence was insufficient because there was no physical evidence of the alleged sexual abuse. No physical evidence was required: "a victim's testimony alone can be sufficient to support a guilty verdict." *United States v. Kenyon*, 397 F.3d 1071, 1076 (8th Cir. 2005); *see United States v. Seibel*, 712 F.3d 1229, 1237 (8th Cir. 2013). C.W. testified that Waters touched her "middle" underneath her clothes with his hands and mouth, and that he put his "middle" on her "middle." C.W. identified her "middle" as the female genitalia by circling it on a diagram, and identified Waters's "middle" as his genitalia on a similar illustration. C.W.'s testimony was sufficient to support the convictions, and the question of her credibility was for the jury to decide. *See United States v. Kirkie*, 261 F.3d 761, 768 (8th Cir. 2001).

The judgment of the district court is affirmed.

_____