# MARCIA COLON, Appellant
## v.
# GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

District Court Crim. App. No. 92–69

Territorial Court Crim. No. F41-1991 & F164-1991

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 25, 1994

DENISE FRANCOIS, ESQ., (HODGE & FRANCOIS), St. Thomas, V.I., *for Appellant*

ROBERT BORNHOLT, ESQ., Asst. Atty. General, (V.I. Department of Justice), St. Thomas, V.I., *for Appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands; BROTMAN, *Senior Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and CABRET, *Judge* of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

## OPINION OF THE COURT

Appellant, Marcia Colon ("Colon"), alleges that the Territorial Court Judge erred in admitting a savings bank withdrawal slip which she helped prepare and for which she was not criminally charged during her jury trial for embezzlement, forgery, and obtaining money by false pretenses. Appellant also contends that the Judge made prejudicial comments and improperly interrogated witnesses. Finally, Colon argues that the trial judge erred in imposing a fine that was not statutorily authorized. For the reasons set forth below, this Court vacates the Territorial Court's Judgment dated May 22, 1992 for the limited purpose of resentencing on Count V, and affirms the Judgment in all other respects.

## FACTUAL BACKGROUND

Ms. Colon was prosecuted on a nine count amended information dated January 13, 1992 which included charges of embezzlement, forgery, and obtaining money by false pretenses through her position as bank manager at a St. Thomas branch of First Pennsylvania

Bank. The nine counts grew out of two events occurring in 1988: the transfer on February 12 of $2,000 from the savings account of Louisa Robles to allegedly purchase a certificate of deposit and the withdrawal on December 9 of $2,000 from the savings account of Sarah Todman for her own use, both of which the Government alleged were fraudulent and without the authorization of Ms. Robles and Ms. Todman. An earlier withdrawal from Ms. Todman's account of $8000 occurred on February 17, 1987, for which Colon was not charged, although it was used as evidence in the Government's case.

Colon alleges that she only reviewed and authorized the Robles charge, but did not transfer any money. Joint Appendix ("J.A.") at 98–103. Appellant also testified that although she filled out the withdrawal slip for the February 17 transaction at Ms. Todman's request, she denies having signed Ms. Todman's name on the withdrawal slip. J.A. at 100–09. After pleading not guilty, appellant was tried to the court and jury and convicted of all nine counts in the amended information.

During the jury trial the Government introduced several exhibits into evidence, including the savings withdrawal slip for the earlier uncharged withdrawal from Ms. Todman's account on February 17, 1987. The withdrawal slip, Exhibit No. 5, was admitted into evidence over appellant's objections. J.A. at 26–28; 37.

After unsuccessfully moving for judgment of acquittal after trial, Colon was sentenced on May 19, 1993 to five concurrent one-year terms on various combinations of the nine counts, with six months of these concurrent one-year sentences suspended; a total fine amount of $2,000; $4,000 in restitution; and supervised probation.[1] This appeal followed.

---

[1] In the Judgment dated May 22, 1992, the trial judge ordered:

> that for Counts I, embezzlement by a fiduciary and Count II, embezzlement by clerks, agents or employees, defendant shall serve one (1) year in jail; for Counts III and IV forgery, defendant shall serve one (1) year in jail and is fined One Thousand Dollars ($1,000.00); and for Count V, obtaining money under false pretense, defendant shall serve one (1) year in jail and is fined One Thousand Dollars ($1,000.00); it is further,
>
> ORDERED, that for Count VI, embezzlement by a fiduciary and Count VII, embezzlement by clerks, agents or employees, defendant shall serve one (1) year in jail, and for Counts VIII and IX, forgery, defendant shall serve one

## DISCUSSION
### Admission of Exhibit No. 5

The Territorial Court's admission of Exhibit No. 5 is reviewed for abuse of discretion. United States v. Pinney, 967 F.2d 912, 914 (3d Cir. 1992); United States v. Driggs, 823 F.2d 52, 54 (3d Cir. 1987). Colon contends that the judge erred in admitting Exhibit No. 5 because its probative value was substantially outweighed by its potential prejudice. Fed. R. Evid. 403 states:

> [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Government stated in its brief that the exhibit's value nevertheless outweighed any prejudice, relying on Fed. R. Evid. 404(b):

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as *proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  . . .* (emphasis added).

■ In general, appellate courts exercise restraint in review of Rule 403 rulings. United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir.), cert. denied, 488 U.S. 910 (1988). When the trial court does not document its balancing analysis, however, the record can be analyzed by the appellate court to rule on admissibility. Government of the Virgin Islands v. Archibald, 987 F.2d 180 (3d Cir. 1993) (citing

---

(1) year in jail and is fined One Thousand Dollars ($1,000.00); it is further, ORDERED, that the jail sentences shall run concurrently; it is further,

ORDERED, that the fine of $1,000.00 for Counts III and IV are imposed concurrently with the fine of $1,000.00 for Count V, but consecutively with the fine [of] $1,000.00 for Counts VIII and IX, thereby resulting in a total fine to be paid of Two Thousand Dollars ($2,000.00); it is further,

ORDERED, that six months of the defendant's concurrent jail term of one (1) year are suspended; and defendant is placed on supervised probation for one year. . . .

Counts I, II, III, IV, and V related to the February 12, 1988 incident, and Counts VI, VII, VIII, and IX encompassed the December 9, 1988 incident.

122

numerous cases from which this practice developed). Because the Territorial Court Judge did not particularly articulate his balancing analysis, we will now determine whether Exhibit No. 5 should have been excluded because its prejudice outweighed its probative value.

Both parties rely on the same three Third Circuit cases originating in the Virgin Islands to support their contention. Government of the Virgin Islands v. Archibald, 987 F.2d at 180; Government of the Virgin Islands v. Pinney, 967 F.2d 912; Government of the Virgin Islands v. Harris, 938 F.2d 401 (3d Cir. 1991). Both Archibald and Pinney involved rapes of young women. The prosecutions' attempts to introduce evidence of the rapists' illegal sexual activities with the victims' sisters were ruled inadmissible by the Third Circuit. In both cases, the highly inflammatory evidence was deemed more prejudicial than probative given the emotionally charged content of the evidence.[2] The trial court's admission of a defendant's previous threats and violence towards his wife, whom he was convicted of murdering, was affirmed in Government of the Virgin Islands v. Harris. In that case, testimony establishing the defendant's previous attempts to strangle and stab his wife were found highly probative in demonstrating his motive and intent, as well as tending to prove that his wife's death may not have been accidental. Id. at 420.

Unlike these highly emotional cases, Colon was charged with white collar crimes, which, although illegal, do not tend to inflame juror's emotions to the same extent as violent crimes such as the rape of a child or the continuous abuse and eventual murder of a spouse. In addition, defense counsel's main objection at trial was based on the statute of limitations, which the judge ruled had no relevance to the exhibit's admission. J.A. at 21 and 35. The Government offered the exhibit for a limited purpose at trial, stating that "[the Government is] permitted to bring in evidence [of] other acts

---

[2] The court in Pinney deemed testimony regarding a previous rape relevant to show intent, but on the other hand, its prejudice outweighed its probative value. The Third Circuit stated that, in sexual molestation cases involving children, it is difficult for jurors to limit use of the testimony to its proper purpose of demonstrating intent due to the emotionally charged content of the evidence. Pinney, 967 F.2d at 915, 917. The district court's failure to articulate the rationale employed in its balancing process, combined with the highly inflammatory nature of the evidence, its nominal probative value, and the potential for misuse by the jury, compelled the Court to reverse and remand. Id. at 918.

that [it] alleged to be a continuing course of conduct even though [the Government hasn't] charged on those acts." J.A. at 27. On appeal, the Government concentrated on the value of Exhibit No. 5 in showing Colon's intent to create an unauthorized withdrawal slip to deprive Ms. Todman of money deposited in her savings account. J.A. at 11. Appellant testified that her actions, if proven criminal, were unintentional in that she only assisted Ms. Todman with the withdrawals by filling out parts of the withdrawal slips, including Exhibit No. 5, contrary to Ms. Todman's testimony that she never withdrew any monies from her account. Joint Appendix ("J.A.") at 35–36, 103–04, 106–111, 118.

■ Exhibit No. 5 is highly probative in determining appellant's intent by demonstrating a cumulative or continuing action and the "absence of mistake or accident" pursuant to Fed. R. Evid. 404(b). Appellant has not shown in the record any request by trial counsel for a limiting instruction although the prosecution mentioned the option of admitting Exhibit No. 5 with an instruction limiting its use. Based on the similarity of Exhibit No. 5 to other evidence, the singularly unemotional nature of the evidence, and defendant's admission that she prepared one withdrawal slip, Exhibit No. 5, and probably prepared the December 9, 1988 withdrawal slip (Counts VI–IX) with the victim's consent and authorized the transfer of funds from the other victim's account to apply to a Certificate of Deposit that was never purchased (Counts I–V), we cannot find that it was unfairly prejudicial to admit Exhibit No. 5, and any prejudice to defendant by its admission was outweighed by its probative value.

### Demeanor of the Territorial Court Judge

■ Ms. Colon also suggests that the trial court's behavior was inappropriate. Because no contemporaneous objections were made regarding the judge's participation in the trial, the plain error standard is employed. Plain error or defect is demonstrated only if the claimed error affects a substantial right and had an unfair impact on jury deliberations. United States v. Parvis, 871 F.2d 310, 315 (3d Cir.), cert. denied, 492 U.S. 925 (1989) (quoting United States v. Young, 470 U.S. 1 at 16–17 (1985)). Plain error review is available to remedy potential miscarriages of justice, and is sparingly applied. To justify reversal, the judge's conduct must be clearly inimical and

partisan, and prejudice must be based on more than mere suspicion. Riley v. Goodman, 315 F.2d 232, 235 (3d Cir. 1963).

■ A judge is charged with conducting a fair and orderly trial in which truth, material facts, and clear testimony can be elicited. United States v. Nobel, 696 F.2d 231, 237 (3d Cir. 1982), cert. denied, 462 U.S. 1118 (1983); Riley v. Goodman at 234–35. The judge has the discretion to initiate interrogation and to ask leading questions to elicit germane facts; each case must be viewed in its own setting. Id. at 234. For example, a judge should interject questions when the facts become muddled and neither side is adequately clearing them up, when counsel fails to probe adequately into a witness' unbelievable testimony, and when a witness becomes confused. United States v. Slone, 833 F.2d 595, 597 (6th Cir. 1987) (finding that the judge's participation did not necessitate reversal).[3]

In the Third Circuit Court of Appeal's review exemplifying both permissible and intolerable judicial conduct, the Court has emphasized that each case must be reviewed in its own setting, but that a judge cannot assume the role of the prosecutor to merely emphasize proof or question credibility. United States v. Beaty, 722 F.2d 1090, 1093, 1095–96 (3d Cir. 1983). The question is whether the conduct was "so prejudicial as to deprive defendant . . . of a fair, as opposed to perfect, trial." Id. We observe that the trial judge did not extensively question the witnesses other than to clear up potentially confusing evidence regarding a relatively complicated area of banking.[4]

---

[3] Unacceptable behavior includes when the judge interrupts and continues to interrogate, cross-examine, threaten and intimidate the witness in addition to threatening defense counsel with contempt, since these actions could impress upon a jury that the judge has formed an opinion regarding the credibility of the witness or of the verdict that should be returned. United States v. Mazzilli, 848 F.2d 384, 388 (2d Cir. 1988) (finding that the trial court judge improperly imparted a message of skepticism to the jury and influenced its decision); United States v. Pena-Garcia, 505 F.2d 964, 965, 967 (9th Cir. 1974) (noting that the cumulative effect of all the instances of undue interruption were prejudicial and required a new trial).

[4] In Beaty, the Third Circuit suggested that the judge hold off on its own questioning until after the prosecution has an opportunity to clear up any confusion on redirect. United States v. Beaty, 722 F.2d 1090, 1093, 1095–96 (3d Cir. 1983). In our case, the Territorial Court Judge often waited until questioning had reached a break point, and also interrupted counsel several times with ques-

■ The trial judge did lay a foundation for Government counsel after she tried to introduce bank records, but the impact, if any, is minimal. J.A. at 180–81. None of the remarks cited by appellant rise to the level of prejudicial error. We find that Colon's rights were not violated by the trial court's questions and comments made during trial.

## Imposition of the $1,000 fine

■ Appellant contends that the trial court erred in imposing a $1,000 fine for Colon's conviction on Count V, obtaining money by false pretenses in violation of V.I. Code Ann. tit 14, § 834(2). Imposition of a fine not authorized by law is subject to plenary review on appeal. Government of the Virgin Islands v. Smith, 949 F.2d 677 (3d Cir. 1991). The potential penalty for violation of section 834(2), if the property or money was worth $100 or more, is imprisonment up to 10 years. Appellant was charged with obtaining $2,000. J.A. at 14. Review of the judgment shows that the Territorial Court erred in imposing a fine in the amount of $1,000 for violation of Count V in addition to the concurrent fine properly imposed since no fine was authorized by section 834(2).[5]

## CONCLUSION

The Territorial Court Judge did not err in admitting Exhibit No. 5 into evidence, nor did his actions during trial justify reversal, since they did not rise above the level of harmless error. V.I. Code Ann. tit 14, § 834(2) precludes imposition of a fine on Count V. Therefore, the sentence on Count V is vacated and the judgment dated May 22, 1992 is remanded for the limited purpose of resentencing on Count V. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 25th day of May, 1994, after careful review of the record and having considered the submissions and arguments of

tions relevant to the testimony being given. When pressing counsel to move on, the judge appeared polite. After announcing that he was an accountant before taking a career in law, the judge stated that he did not want the jury to be intimidated or misled by testimony describing what could reasonably be deemed as a confusing process. (E.g., J.A. at 89 (referring to the procedure used to process bank transactions)).

[5] The Government conceded this error on appeal.

the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT appellant's sentence on Count V is VACATED and the judgment dated May 22, 1992 is REVERSED and this matter is REMANDED for the limited purpose of resentencing on Count V consistent with this Court's Opinion.