

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2009

# USA v. McClain

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1752

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. McClain" (2009). *2009 Decisions.* Paper 1818.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1818

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1752

UNITED STATES OF AMERICA

v.

ROBERT McCLAIN,
Appellant

(D.C. Crim. No. 06-cr-00008-FLW-1)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
District Judge:  The Honorable Freda L. Wolfson

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2008

Before:  BARRY, CHAGARES, <u>Circuit Judges</u>, and COHILL, Jr.,[*] <u>District Judge</u>

(Filed: February 26, 2009 )

OPINION

COHILL, <u>Senior District Judge</u>.

---

[*]  Honorable Maurice B. Cohill, Jr., Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

Defendant Robert McClain was convicted of possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), possession by a felon of a firearm with a defaced serial number, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). He now appeals. We will affirm the judgment of conviction and will remand the case to the District Court to decide whether to reduce the sentence pursuant to 18 U.S.C. § 3582(c).

## I.

Because we write only for the parties, we set forth only those facts that are relevant to our analysis.

In November 2004, an undercover detective and a confidential informant went to an apartment complex in Millvale, New Jersey to transact a crack cocaine purchase. McClain was waiting on the steps of the building when they arrived. McClain spoke to the confidential informant and then walked to a purple 1995 Chevy Cavalier, parked near the apartment complex, to retrieve the crack from under the driver's seat of the car. He sold a half ounce of crack cocaine to the detective for $500.

Then, in December 2004, McClain was spotted driving the same purple Chevy Cavalier by a patrol officer, who pulled him over because the registered owner, Lonnie Harris, had a suspended driver's license as well as an active arrest warrant. When stopped, McClain exited the car without being told to do so. He was told to get back into

the car, but he could not because he had locked the keys inside the car. McClain was patted down, and the officer discovered a bag containing 5.173 grams of crack cocaine inside his jacket.

After further investigation, a search warrant was obtained and the authorities searched McClain's apartment (in the building where the undercover drug purchase had occurred) and the purple Chevy Cavalier. The search of the apartment yielded 2.6 grams of crack cocaine and a .380 caliber bullet, both of which were hidden in a speaker box. Authorities also found a digital scale and $800 in cash hidden under a bed. The search of the car yielded 101.2 grams of crack cocaine hidden under the driver's seat, a loaded and operable .380 automatic pistol with a partially obliterated serial number in a white knit cap in the car's trunk, and a bag of .380 caliber ammunition. Authorities also retrieved roughly 100 personal papers with McClain's name on them strewn throughout the car. After being Mirandized, McClain admitted that the crack cocaine and the gun found in the Chevy Cavalier were his, stating that he had purchased the gun for protection after he was robbed at gunpoint. He explained that the car belonged to a friend who was in jail and that he (McClain) had been driving it for a year and a half.

On February 22, 2006, a federal grand jury in the District of New Jersey returned a three-count superseding indictment charging McClain with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), possession by a felon of a firearm with a defaced serial number, in violation of 18 U.S.C.

§ 922(g)(1), and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On April 25, 2006, the government filed a pretrial motion seeking the admission of certain evidence pursuant to Fed. R. Evid. 404(b), and after hearing argument, the District Court granted the motion.

A jury trial commenced on September 25, 2006, and on September 29, 2006 McClain was found guilty on all three counts. McClain was found guilty by Court Verdict on Count II, the felon in possession charge. At the sentencing hearing on March 2, 2007, it was undisputed that McClain, with a total offense level of 32 and a criminal history category of III, had an advisory sentencing guidelines range of 151 to 188 months' imprisonment, and that his conviction under Count III (possession of firearm in relation to a drug trafficking crime) required an additional 60-month consecutive sentence. The District Court sentenced McClain to a 211-month term of imprisonment, representing the 151-month bottom of his advisory guidelines range, plus the required additional 60 months.

McClain now appeals his conviction and sentence.

**II.**

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over challenges to the sufficiency of the evidence to support a criminal conviction, and ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

4

reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). We review the District Court's decision to admit prior bad acts evidence for an abuse of discretion. United States v. Kellogg, 510 F.3d 188, 197 (3d Cir. 2007). Alleged sentencing errors raised for the first time on appeal are reviewed for plain error. United States v. Voelker, 489 F.3d 139, 153 (3d Cir. 2007).

**III.**

McClain's first argument is that the government failed to prove that he possessed a firearm "in furtherance of" drug trafficking in violation of 18 U.S.C. § 924(c). We disagree.

In United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004), this Court explained that the non-exclusive factors used to determine whether the weapon was possessed in furtherance of a drug crime are: "the type of activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id. (citation omitted).

This conviction was based upon the handgun and bullets that were found in the locked trunk of the purple Chevrolet Cavalier. The evidence at trial showed that the crack cocaine found in the car was distribution quantity (101.2 grams); the gun was found in the same car as the drugs and was accessible to McClain; it was fully loaded and ready

5

to be fired; McClain is a prior felon who may not legally possess such a firearm; the gun had been reported stolen; and it had a serial number that had been intentionally removed. McClain had admitted to the authorities that he needed the gun "for protection." We find that the evidence was more than sufficient to support McClain's conviction for possession of a firearm in furtherance of a drug trafficking felony. McClain argues that the gun cannot be said to have been possessed in furtherance of drug trafficking because it was locked in the trunk of the car, while the drugs were located under the front seat of the car. Although "the location of a firearm is admittedly relevant, immediate accessibility at the time of search or arrest is not a legal requirement for a § 924(c) conviction." Id.

Next McClain argues that the District Court erred when it admitted into evidence prior bad acts pursuant to Fed. R. Evid. 404(b), specifically, the evidence of the crack cocaine sale to the undercover detective, as well as evidence of McClain's arrest for possession of cocaine. McClain argues that the admission of this evidence was highly prejudicial.

Evidence of prior bad acts may be admitted when it is offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). It is a rule of inclusion rather than exclusion. United States v. Givan, 320 F.3d 452, 460 (3d Cir. 2003). Four factors to be considered when ruling on the admissibility of such evidence are: the other crimes' evidence must have a proper purpose, must be relevant, its probative value must outweigh its potential for

6

unfair prejudice, and the jury must be charged to consider it for the limited purpose for which it is admitted. United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992), citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988). As required, the District Court conducted a hearing to consider such factors. The government argued, and the District Court agreed, that these two incidents involving McClain tended to demonstrate his relationship to the purple Chevy Cavalier, which was registered in another person's name, and his knowledge and intent regarding the crack cocaine and the firearm that were hidden in the car.

"Trial court rulings under Rule 404(b) ... may be reversed only when they are 'clearly contrary to reason and not justified by the evidence.' " United States v. Balter, 91 F.3d 427, 437 (3d Cir. 1996) , quoting United States v. Bethancourt, 65 F.3d 1074, 1079 (3d Cir. 1995). Similarly, in order to justify reversal of a District Court's balancing of probative and unfairly prejudicial qualities of evidence under Rule 403, the District Court's "analysis and resulting conclusion must be 'arbitrary or irrational.' " United States v. Universal Rehabilitation Servs. (PA), Inc., 205 F.3d 657, 665 (3d Cir. 2000) (citation omitted).

We find that the District Court did not abuse its discretion because, in order to meet its burden of proof, it was necessary for the government to prove that the car was regularly used by McClain, and that the drugs were possessed by McClain, not someone else. The issue of possession arose because the car was registered in Lonnie Harris'

name and was parked in a communal space. The government also needed to establish that McClain had knowledge of the contents of the car and the requisite intent to distribute the crack cocaine that was found therein. The government also had to rebut a defense of innocent or mistaken association with the drugs in the car. In addition, in order to ameliorate any unfair prejudice, the District Court properly instructed the jury to consider the evidence for the limited purpose for which it was admitted.

Finally, McClain argues that the sentence imposed was unreasonable and that his case should be remanded for resentencing. The District Court found, and the defendant did not dispute, that McClain's total offense level was 32 and his criminal history category of III, which resulted in an advisory guidelines range of 151 to 188 months' imprisonment at Counts I and II. There was, however, a statutory mandatory minimum sentence of ten years (120 months) imprisonment and a maximum term of life imprisonment for Count I, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In addition, pursuant to 18 U.S.C. § 924(c)(1)(A)(I), the 60 month custodial term at Count III had to be imposed so as to run consecutive to the terms of imprisonment imposed at Counts I and II. Therefore, the aggregate guideline range became 180 to 248 months. The District Court understood that the two mandatory minimums amounted to 180 months, and the advisory guidelines advised a minimum term of imprisonment of 211 months, which constituted a 31-month difference.

The District Court sentenced him to 211 months of imprisonment, which consisted

of 151 months at the bottom of his advisory Guidelines range, plus the required additional 60 months. The District Court did not consider – and defense counsel never questioned – whether the disparate treatment of crack cocaine and powder cocaine in the Guidelines produced an unnecessarily long sentence at Count I.

In Kimbrough v. U.S., – U.S – , 128 S.Ct. 558, 575, 169 L.Ed.2d 481 (2007), the Supreme Court held that district courts could conclude "when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes." See also U.S. v. Gunter, 462 F.3d 237 (3d Cir. 2006); U.S. v. Cooper, 437 F.3d 324 (3d Cir. 2006). On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the advisory Guidelines. "In general, the effect of Amendment 706 is to decrease by two levels the base offense levels for crack cocaine offenses." U.S. v. Wise, 515 F.3d 207, 219 (3d Cir. 2008), citing U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. to App'x C, Amend. 706. On March 3, 2008, McClain became eligible for retroactive application of the reduced advisory crack guidelines. See U.S.S.G. § 1B1.10 (Supp. Mar. 3, 2008).

We have no basis on which to conclude that the District Court understood that it had discretion to consider the crack/cocaine disparity in imposing sentence. Accordingly, we will remand this case to the District Court so that it can decide whether to reduce the sentence based on the amended advisory range and the standard set forth in 18 U.S.C. § 3582(c), U.S. v. Marcello, 13 F.3d 752, 756 n.3, 758 (3d Cir. 1994), superseded on other

9

grounds by U.S.S.G. § 5K2.20 (2000), as recognized in <u>U.S. v Spinello</u>, 265 F.3d 150, 160 (3d Cir. 2001), as well as to revisit any necessary and relevant factors pursuant to 18 U.S.C. § 3553(a).

## IV.

For the foregoing reasons, we will affirm the judgment of conviction, and we will vacate the sentence imposed by the District Court and remand for resentencing in light of <u>Kimbrough</u> and Amendment 706.