NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1541
_____

UNITED STATES OF AMERICA

v.

DEVERN STANLEY,
Appellant
_____

On Appeal from the District Court
of the United States Virgin Islands
District Court No. 3-09-cr-00037-001
District Judge: The Honorable Curtis V. Gómez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 16, 2010

Before: McKEE, *Chief Judge*, FUENTES and SMITH, *Circuit Judges*

(Filed: December 28, 2010)

_____

OPINION
_____

SMITH, *Circuit Judge.*

A jury convicted Devern Stanley of attempting to import heroin into the United

States and of possessing heroin with intent to distribute. Stanley appeals. Finding no

reversible error, we will affirm.

I.

Stanley served as a crew member of the *Sterling*, a ferry that travels between the United States Virgin Islands and the British Virgin Islands. On July 8, 2009, while the *Sterling* was docked in Tortola, British Virgin Islands, Stanley accepted a bag from a passenger named José Peña. He placed the bag in his personal backpack and stored it near the *Sterling's* concessions area. According to the plan, when the *Sterling* arrived in St. Thomas, U.S. Virgin Islands, Stanley would take the bag past customs and return it to Peña. Things did not go as planned, however.

When the *Sterling* arrived in St. Thomas, a customs official selected the ferry for a random inspection. Stanley accompanied the official during the inspection. While on board, the official noticed Stanley's backpack, which was unattended. The official inquired of Stanley as to whom the backpack belonged. Stanley said it was his. The official opened the backpack and found Peña's bag. The official opened the bag and discovered a large number of plastic pellets. When asked about the contents of the pellets, Stanley said they were filled with lotion—a gift for his sister, he explained. A field test performed near the scene proved otherwise: the pellets contained not lotion but heroin—over 700 grams of it. DEA lab testing confirmed the results of the field test.

Stanley was arrested and was convicted by a jury of attempting to import heroin under 21 U.S.C. §§ 952, 960(b)(2), and of possessing heroin with intent to distribute under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i). The District Court sentenced Stanley to 97 months in prison.

## II.

Stanley raises three issues on appeal; we will address them in turn.

A.

During the government's case-in-chief, Special Agent Louis Penn testified that, after being arrested, Stanley stated that "he's done this before for other individuals." Stanley objected to this evidence under Federal Rule of Evidence 404(b). The District Court admitted the statement, concluding that it was admissible to prove lack of mistake or knowledge. Stanley challenges the ruling; we review for an abuse of discretion. *United States v. Lee*, 612 F.3d 170, 186 (3d Cir. 2010).

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." But Rule 404(b) allows the introduction of other-acts evidence for non-character purposes, *e.g.*, to show that the defendant acted with the requisite knowledge or in the absence of mistake. Fed R. Evid. 404(b); *United States v. Givan*, 320 F.3d 452, 461 (3d Cir. 2003).

The District Court rightly concluded that the statement was admissible under Rule 404(b) to prove that Stanley knew Peña's bag contained heroin, an element of the government's case. *See Givan*, 320 F.3d at 460–62; *United States v. Lopez*, 340 F.3d 169, 173–74 (3d Cir. 2003); *United States v. Boone*, 279 F.3d 163, 187 (3d Cir. 2002). Indeed, Stanley's defense was that he did not know the bag contained heroin, so the presence or absence of such knowledge was the critical issue at trial.

Still, the District Court failed to determine whether the statement was admissible under Rule 403, as required. *See United States v. Sampson*, 980 F.2d 883, 889 (3d Cir. 1992) (other-acts evidence must survive Rule 403 balancing to be admissible). "Where

3

the district court fails to explicitly articulate the Rule 403 balancing: 'we [either] decide the trial court implicitly performed the required balance; or, if we decide the trial court did not, we undertake to perform the balance ourselves.'" *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (quoting *Glass v. Phila. Elec. Co.*, 34 F.3d 188, 192 (3d Cir. 1994)). We opt to do the balancing ourselves.

On one hand, the statement was probative on the key issue in the case: whether Stanley knew Peña's bag contained heroin. On the other hand, although there was some risk of unfair prejudice, the statement played a minor role in the case; it was brought up in the jury's presence just three times—once by the government and twice by Stanley himself. When it did come up, it was discussed very briefly. Moreover, the one time the government mentioned the statement, it asked the jury to consider it in determining whether Stanley had the requisite knowledge, thus reducing the likelihood that the statement would be used to draw the forbidden, he-has-a-bad-character-and-is-therefore-guilty inference. On balance, we cannot say that the statement's probative value was outweighed by its tendency to cause unfair prejudice.

Stanley contends that even if the statement was admissible to prove knowledge or lack of mistake, the District Court erred in failing to instruct the jury that it could be considered *only* for such purposes. Stanley did not request a limiting instruction in the District Court, so we review for plain error. *See* Fed. R. Crim. P. 52(b); *Lee*, 612 F.3d at 191; *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999); *Gov't of the V.I. v. Roldan*, 612 F.2d 775, 780–81 (3d Cir. 1979); *United States v. Greenlee*, 517 F.2d 899, 904–05 (3d Cir. 1975). We conclude that the District Court's failure to *sua sponte* issue a

4

limiting instruction did not amount to plain error. *See United States v. Simmons*, 679

F.2d 1042, 1049–50 (3d Cir. 1982); *Roldan*, 612 F.2d at 780–81; *Greenlee*, 517 F.2d at

904–05 (where defendant objected to admission of other-acts evidence but did not request

a limiting instruction, its admission for impeachment purposes without a limiting

instruction was not plain error); *accord United States v. Bamberg*, 478 F.3d 934, 939 (8th

Cir. 2007); *United States v. Gregory*, 74 F.3d 819, 822 (7th Cir. 1996); *United States v.*

*Parziale*, 947 F.2d 123, 129 (5th Cir. 1991); *United States v. Tunsil*, 672 F.2d 879, 881

n.3 (11th Cir. 1982).[1]

## B.

Stanley elected to testify at trial. On direct examination, Stanley tried to testify

about and have admitted into evidence a written statement that he had given to law

enforcement at the time of his arrest. In the statement, Stanley asserted that he did not

know what was in Peña's bag. The government objected on hearsay grounds, to which

Stanley responded that the statement was admissible under the residual hearsay

exception. *See* Fed. R. Evid. 807. The District Court sustained the government's

objection.

---

[1] Had Stanley requested a limiting instruction, the District Court clearly would have had to issue one. *See* Fed. R. Evid. 105 ("When evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, *upon request*, *shall* restrict the evidence to its proper scope and instruct the jury accordingly.") (emphasis added); *see also Huddleston v. United States*, 485 U.S. 681, 691–92 (1988). However, since the statement did not figure prominently into the trial, *see supra*, defense counsel may have declined to request a limiting instruction for tactical reasons. *See Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (noting that when other-acts evidence is "briefly or fleetingly presented," an attorney may decline to request a limiting instruction to avoid drawing attention to the evidence).

We need not reach Stanley's argument that the District Court erred in concluding that the statement was inadmissible under the residual hearsay exception (though we have our doubts that it did, *see United States v. Lawrence*, 349 F.3d 109, 117 (3d Cir. 2003) (residual exception to be used "'only rarely'" and "'in exceptional circumstances'")). Any error in refusing to admit the statement on direct examination was clearly harmless: the statement was admitted into evidence on cross-examination, Stanley testified about and published it on redirect, and Stanley urged the jury to consider it during closing arguments. *See* Fed. R. Crim. P. 52(a) (providing that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded").

## C.

Finally, Stanley challenges the sentence imposed by the District Court. He admits that the Court committed no procedural errors, *i.e.*, that the Court correctly calculated the Guidelines range, correctly ruled on any departure motions (though it appears there were none, *see* JA 233), and considered the factors set out in 18 U.S.C. § 3553(a). *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). He argues, though, that the Court misapplied the § 3553(a) factors and that his sentence is therefore substantively unreasonable. He asserts that he was merely a "mule" in the drug trade, and that his 97-month sentence—the minimum sentence recommended by the Sentencing Guidelines—is thus too long. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

When there has been no showing of procedural error, we accord substantial deference "to the district court's determination that the § 3553(a) factors, on a whole,

justify the sentence." *Id.* at 568 (internal quotation marks omitted); *see also United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (an appellate court must be "highly deferential" to a sentencing court's application of the § 3553(a) factors); *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). Thus, a defendant challenging the substantive reasonableness of his sentence bears the heavy burden of establishing that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Stanley has failed to carry that burden. The District Court listened to the defendant's allocution, considered and discussed the § 3553(a) factors, and imposed a sentence of 97 months in custody, the minimum sentence recommended by the Sentencing Guidelines. The sentence was reasonable and will not be disturbed.[2]

### III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2] To the extent Stanley argues that the District Court erred in failing to apply a minor-role adjustment under § 3B1.2 of the Sentencing Guidelines, the issue is not properly before us, because Stanley did not request such an adjustment in the District Court, JA 233. *See United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).