**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**JAHZEEL FENTON, Defendant**

Case No. SX-10-CR-347

Superior Court of the Virgin Islands

Division of St. Croix

August 22, 2013

BRADY, *Judge*

## MEMORANDUM OPINION

(August 22, 2013)

THIS MATTER is before the Court on the People of the Virgin Islands' Motion in Limine to Introduce Prior Bad Acts, filed March 29, 2012

("Motion"); Defendant's Opposition to People's Motion in Limine to Introduce Prior Bad Acts, filed September 4, 2012 ("Opposition"); and the People's Supplemental Memorandum in Support of Motion in Limine/Motion to Introduce Prior Bad Acts, filed March 19, 2013 ("Supplemental Memorandum").

The People argue that various prior bad acts of Defendant must be admitted to help "complete the story." Motion, at 5. The People argue that these acts are admissible as permitted uses of character evidence pursuant to Federal Rule of Evidence 404(b)(1) and (2), which state in relevant part:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Defendant contends that "Rule 404(b) does not allow for the introduction of prior bad acts evidence for the purposes of . . . completing the story." Opposition, at 2. The People, according to Defendant, are attempting to package character evidence demonstrating Defendant's criminal propensities with inadmissible hearsay and non-probative evidence immaterial to the present charges.

The People, in their Supplemental Memorandum, reaffirm their need "to complete the story of Defendant's pattern of isolation and control of the victim." Supplemental Memorandum, at 5. They argue the need to identify Defendant as the criminal perpetrator, to establish motive and to prove Defendant's intent in order satisfy the People's burden of proof under the law.

For the reasons that follow, the People's Motion is granted in part and denied in part.

## FACTS

*Present Incident.*

On March 19, 2010, Jo-Ana Lang ("the Victim"), was shot in her home while in the presence of her boyfriend, Defendant Jahzeel Fenton. Her four minor children were living with her and were home at the time of the

166

shooting. The Victim suffered extensive injuries from the gunshot but survived, although with permanent crippling injuries, following weeks of hospitalization and treatment.

Police recovered DNA samples from the scene and a firearm under a stairwell on the western side of the building. When the Victim recovered her health sufficiently to speak with police, she initially gave a video statement on October 13, 2010 wherein she identified Defendant as her assailant. However, on July 8, 2011, the Victim recanted her previous video statement in writing, claiming she could no longer identify Defendant as the shooter. Defendant maintains that he was not the shooter; but that the culprit is still on-the-loose and yet to be the subject of police investigations.

To refute Defendant's contention that he was not the shooter, the People seek to introduce evidence of Defendant's prior bad acts. This evidence "complete[s] the story" and, according to the People, is essential in establishing the intent, motive and identity of Defendant as the perpetrator. Motion, at 5.

*Proposed Evidence.*

In its Motion and Supplemental Memorandum, the People request *in limine* that this Court admit the following when offered at trial:

1) Evidence of an August 3, 2009 incident of domestic violence involving Defendant and a previous girlfriend, Betsaida Santiago, through the testimony of Officer Quailey;

2) Prior acts of domestic violence involving Defendant and the Victim that occurred between January and March 19, 2010, through testimony of social worker Mary Dupigny, of neighbor David Henry, of other unnamed neighbors of the Victim, of Margarita Ayala, the Victim's mother, and of Sandra Brannigan, the aunt of the Victim's minor children;

3) Prior acts of child abuse that allegedly occurred between January and March 19, 2010 against the Victim's four minor children, specifically the possession of a firearm and ammunition, through testimony of Vanessa Gonzales, another aunt of the Victim's children;

4) Threats allegedly made by Defendant against Sandra Brannigan approximately four months prior to March 19,

2010, through testimony of Sandra Brannigan and Mary Dupigny;

5) Statements pertaining to the March 19, 2010 shooting and statements pertaining to prior domestic violence against the Victim and her minor children, as told by the minor children to Sandra Brannigan, who would testify at trial.

## DISCUSSION

*I. The "Intent" and "Identity" exceptions of Rule 404(b)(2) permit the People to "complete the story" relative to the present charges through evidence of a prior incident of domestic violence by Defendant against his former girlfriend.*

The People seek to introduce evidence of prior domestic violence involving Defendant and former girlfriend Betsaida Santiago by offering the testimony of Officer Quailey. The People argue that this evidence meets the intent and identity exceptions, among others, to the prohibition against admission of prior bad acts as set out within FED. R. EVID. 404(b)(2).

■ At the outset, whether or not a 404(b) exception to inadmissibility may apply, the Court must review whether this information is admissible through the testimony of Officer Quailey rather than through testimony of the former girlfriend herself. Any attempt to admit the statement of the victim of the prior incident solely by reference to the police report of the prior incident would constitute impermissible hearsay. See *Krepps v. Gov't of the Virgin Islands*, 47 V.I. 662, 672, (D.V.I. App. 2006).[1]

As such, evidence of any prior incident of domestic violence involving Defendant and his former girlfriend may not be admitted through the

---

[1] Because of reliability concerns, the rules expressly exclude police reports as inadmissible hearsay. See FED. R. EVID. 801(a)-(b) (defining hearsay); 803(8) and advisory committee notes (excluding from the "public records" hearsay exception matters observed by police officers and other law enforcement personnel in criminal cases, noting that because of the adversarial nature between police and the defendant, such reports do not bear the reliability of other official reports). Police reports containing the statements of others are similarly regarded as unreliable, the underlying concern being that such reports simply reflect the statements of third parties who have no duty to report and whose reliability cannot be tested, with all the reliability concerns such hearsay statements present. See e.g. *United States v. De Peri*, 778 F.2d 963 (3d Cir.1985).

hearsay testimony of Officer Quailey or through any contemporaneous police report of such incident.

■ Turning to whether direct evidence from the former girlfriend alleged victim of any prior incident of domestic abuse may be admitted, we begin with the premise that Rule 404 generally prohibits evidence that is intended to show a defendant's propensity for crime or a disposition to commit a particular crime. *See U.S. v. Scarfo*, 850 F.2d 1015, 1018-1019 (3d Cir. 1988). "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). This rule keeps information that might pigeonhole a defendant into a criminal class from the jury's ears.

■ The framers of the current evidentiary rule deemed it necessary to carve out exceptions to the general rule against the admissibility of character evidence: "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID . 404(b)(2). The United States Supreme Court designed a three-part test for considering proffered Rule 404 evidence:

> In considering the admissibility of such evidence, the Court should consider whether (1) the evidence is being offered for a proper purpose, (2) the evidence is relevant to a material issue in dispute, and (3) the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. *Huddleston v. United States*, 485 U.S. 681, 691-92, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988).

If those conditions are met, the trial judge admitting the evidence must provide the jury with a limiting instruction, directing that jurors consider the testimony only for a particular, limited purpose. *Id.*

■ Rule 404(b) has been described as "a rule of inclusion rather than exclusion." *United States v. McClain*, 313 Fed. Appx. 552, 555 (3d Cir. 2009). *In United States v. Haukaas*, the Court held that the government was entitled to introduce Rule 404(b) evidence to show an absence of mistake or accident as well as to rebut the claim of self-defense.[2] *Prince v.*

---

[2] "In *United States v. Haukaas*, 172 F.3d 542, 544 (8th Cir. 1999), after a night of drinking, the defendant, Haukaas, stabbed two of his companions. He was tried and convicted of one

*Virgin Islands*, 797 F. Supp. 2d 640, 55 V.I. 1026, (D.V.I App. 2011), citing *United States v. Haukaas*, 172 F.3d 542, 544 (8th Cir. 1999).

■ The District Court Appellate Division in *Prince v. Virgin* Islands concluded that: "Evidence of prior bad acts is also admissible to demonstrate that a defendant did not unwittingly commit a crime, but possessed the requisite knowledge." *Prince*, 55 V.I. at 1036, 797 F. Supp. 2d at 646.[3] The *Prince* Court found that testimony concerning the defendant's prior assault was relevant and admissible in establishing Prince's criminal intent under Rule 404(b)(2).

■ The Supreme Court of the Virgin Islands has held that evidence of a defendant's prior bad acts is admissible to "complete the story of the crime as well as to explain the relationship of the parties or the circumstances surrounding a particular event." *Chinnery v. Virgin Islands*, 55 V.I. 508, 526-527 (VI. 2011), citation and internal quotation omitted. See also *United States v. Rock*, 282 F.3d 548, 551 (8th Cir.2002).

■ Virgin Islands courts have "recognized that evidence of other acts may be admitted to provide background information . . . to explain the circumstances, background or development of the crime charged" as well as to complete the story of the crime on trial. *Ledesma v. Gov't of Virgin Islands*, 159 F. Supp. 2d 863, 869 (D.V.I. 2001), citing *Gov't of Virgin Islands v. Harris*, 938 F.2d 401, 420 (3d Cir. 1991) (citations omitted) (upholding admission of evidence of prior threats and other acts of

---

count of assault with a dangerous weapon, two counts of assault resulting in serious bodily injury, and one count of simple assault. At trial, the government presented evidence of an altercation between the defendant and his girlfriend that had taken place two years prior. The defendant's girlfriend testified that the defendant had held a knife to her throat and threatened to kill her.

"Addressing whether the testimony about a prior incident involving the defendant brandishing a knife was proper 404(b) evidence, the court noted that: 'During the investigation, Haukaas told an FBI agent that the stabbing was an accident. Haukaas then testified at trial that he was holding the knife stationary when the victims thrust themselves on the blade. He later claimed that he acted in self-defense. Thus, the government was entitled to introduce the Rule 404(b) evidence to show an absence of mistake or accident and to rebut the claim of self-defense.' " *Prince*, 55 V.I. at 1035-1036, 797 F. Supp. At 645-646.

[3] *See United States v. Stanley*, 405 Fed. Appx. 662, 664 (3d Cir. 2010) (unreported) (holding that evidence that Defendant had told government agent that "he's done this before for other individuals," was admissible under 404(b) to prove knowledge); *United States v. Andujar*, 209 Fed. Appx. 162 (3d Cir. 2006) (unreported) (finding that evidence of prior "bad acts" with respect to defendant's tax filings was admissible to establish willfulness on charges of failure to file tax returns).

domestic violence against defendant's wife as background information for murder charge and to show intent). *See also Colon v. Gov't of the Virgin Islands*, 30 V.I. 119, 124 (D.V.I. App. 1994).

█ Once the trial court decides that a 404(b) exception applies, it must decide "if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403." *Huddleston*, 485 U.S. at 691-92. Any analysis pursuant to Rule 403 must begin with a determination as to whether the evidence has probative value. Next, the court must decide if the evidence "invite[s] a degree of prejudice which outweighs the probative value of that evidence under a proper balancing pursuant to Rule 403." *U.S. v. Himelwright*, 42 F.3d 777, 785 (3d Cir. 1994). "The [trial] court must appraise the genuine need for the challenged evidence and balance that necessity against the risk of prejudice to the defendant." *United States v. Bradley*, 173 F.3d 225, 230 (3d Cir.1 999) (quoting *Gov't of the Virgin Islands v. Archibald*, 987 F.2d 180, 186, 28 V.I. 228 (3d Cir. 1993)) (internal quotation marks and citations omitted). Evidence that is probative and relevant can be admitted or excluded at the trial court's discretion as long as that court's decision is not "arbitrary or irrational." *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 453 (3d Cir. 1997).

In the present case, the People seek to introduce a report of prior domestic violence. involving the Defendant and a previous girlfriend. They argue that this evidence meets the exceptions for intent and identity contained within Rule 404(b)(2). The People argue that the prior victim's testimony, along with other testimony, "helps complete the story" by showing that Defendant "systematically isolated, abused and controlled" both his both ex-girlfriend (Santiago) and the Victim. Supplemental Memorandum, at 4. The People claim they need to introduce prior abusive acts "to prove the defendant's identification" by introducing evidence of Defendant's method of operation (*modus operandi*) following the Victim's recanted statement and in light of Defendant's denial of his involvement. *Id.*

As noted, Rule 404(b) is characterized as a "rule of inclusion rather than exclusion." *McClain*, 313 Fed. Appx. at 555. The Virgin Islands Supreme Court in *Chinnery* determined that evidence of prior bad acts is admissible to allow the People to "complete the story of the crime" as well as to "explain the relationship of a particular event." *Chinnery*, 55 V.I. at 526-527.

171

■ Evidence of Defendant's prior domestic assault on a female partner is not character evidence but rather establishes a pattern of systematic abuse and control by Defendant over his domestic partner. It shows Defendant's intent, plan and *modus operandi* and it completes the story in that the former assault and the presently alleged assault have certain similarities, e.g. the systematic isolation, abuse and control by the Defendant over a female partner. '

Further, since Defendant contends that the Victim in this case was shot by another individual, the People need to establish the identity of the shooter. Under Rule 404(b)(2), the People are allowed to introduce evidence of prior bad acts to establish identity. Since Defendant has put the identity of the shooter into contention, the People are allowed to "complete the story of the crime" by showing that Defendant was involved in a similar instance of domestic abuse, which is admissible as relevant to the identity of the perpetrator. *Id.*

Defendant is protected from concerns that unfairly prejudicial evidence may be admitted under Rule 404(b) by "the assessment the trial court must make under Rule 403 to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Huddleston*, 485 U.S. at 691-92. In this matter, the proffered evidence is of value to a trial jury in demonstrating the Defendant's intent and identity through evidence of a prior act of Defendant. While the admission of such evidence prejudices Defendant (as does all evidence presented by the People), it is not so unduly prejudicial as to substantially outweigh its value to the trier of fact. Additionally, this Court will fashion a very specific limiting instruction to insure that the jury only considers the evidence for the limited purpose for which it is admissible.

As such, non-hearsay evidence of the former act of assault committed by Defendant against his former domestic partner will be admitted through the testimony of the victim or other eyewitness of such assault, but will not be admitted through the hearsay testimony of Officer Quailey or any other person or through the admission of a police report of the former incident.

## II. Except for Neighbor David Henry's testimony, proffered testimonial evidence of Defendant's prior acts of domestic violence perpetrated against the Victim are inadmissible hearsay

The People seek to introduce prior reports of domestic violence allegedly perpetrated by Defendant against the same Victim during the

period of January to March 19, 2010. The People seek to present such evidence through a variety of witnesses, none of whom has first-hand knowledge of these acts of domestic violence. Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). Hearsay is inadmissible under Rule 802 unless one of the hearsay exceptions apply, none of which the People offer for the statements in question.

### a. Testimony by Mary Dupigny

The People ask the Court to allow Mary Dupigny to testify about prior instances of domestic violence based upon what a) Sandra Brannigan told her; or b) Margarita Ayala (Victim's mother) told her; or c) what the Victim's children told their aunt Sandra Brannigan, who in turn told her. Such testimony would clearly constitute hearsay, as it is to be presented for the truth of the matter asserted — namely, that Defendant committed the prior acts referenced in the statements of those who so advised Ms. Dupigny. The only way these statements may properly be introduced is to have the declarants themselves testify in court where they will be subject to cross-examination. Therefore, absent any exception to the bar against hearsay testimony, none of which is proffered by the People, Ms. Dupigny cannot testify as to what other parties told her about prior instances of domestic violence involving Defendant and the Victim.

### b. Testimony by Sandra Brannigan

Similar problems arise when the People seek to introduce Aunt Sandra Brannigan's testimony as to what the Victim's children told her about prior instances of domestic violence. These statements are also hearsay and are not, as the People argue, subject to the "Tender Years Exception." No such exception exists under the Federal Rules of Evidence or under the laws of the Virgin Islands.[4] Therefore,

---

[4] When applicable, a typical Tender Years Statute "provides for an exception to the hearsay rule. For the Tender Years Statute to apply, the court must find that the child victim is unavailable to testify and that the statements sought to be introduced are relevant and have sufficient indicia of reliability." See *Lyons v. Wilson*, 2010 U.S. Dist. LEXIS 53909 (W.D. Pa 2010).

Ms. Brannigan's testimony as to what the Victim's children told her about past abuse is inadmissible hearsay.

### c. Testimony by Margarita Avala

Margarita Ayala appears to have limited or no first-hand knowledge of specific instances of abuse. According to Ms. Dupigny, Ms. Ayala "learned from relatives that Jo-Ana was in an abusive relationship." Supplemental Memorandum, Exhibit 5. As such, her proposed testimony constitutes inadmissible hearsay pursuant to Rule 802.

### d. Testimony by the Victim's Neighbors

█ Testimony by the "neighbors" as to what they heard in prior altercations between the Victim and Defendant is not admissible unless each testifying neighbor can state with reasonable certainty that the two parties involved in the altercation were the Victim and Defendant. Even first-hand testimony "is only relevant if the jury can reasonably conclude that the act occurred and the Defendant was the actor." *Huddleston*, 485 U.S. at 689. Evidence which lacks crucial identifying elements presents juries with unreliable and therefore irrelevant evidence. Therefore, the Court will need to specifically examine each piece of proposed evidence before determining its admissibility. This shall be done on a case-by-case basis.

█ It would appear, however, that proffered testimony of David Henry as to what he observed on March 19, 2010 should be admissible. To be admissible, testimony must consist of reliable, non-hearsay statements relevant to an issue in question. "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." FED. R. EVID. 104(b).

█ David Henry's account of the March 19, 2010 incident does not constitute evidence of "prior bad acts." It is admissible as it is not hearsay, if the testimony is delivered by Mr. Henry and it is relevant to the facts surrounding the March 19, 2010 incident. It is not unreliable just because the declarant does not know the Defendant's name. See Supplemental Memorandum, Exhibit 3. If Mr. Henry can identify the Defendant's voice or provide other reliable identifying elements, he satisfies the reliable witness standard of Rule 104(b).

174

### III. Aunt Vanessa Gonzales's testimony concerning Defendant's possession of a firearm within the home is admissible as direct evidence.

The People seek to introduce Defendant's acts of child abuse against the Victim's four minor children through testimony of their aunt Vanessa Gonzales. The People have charged Defendant by its March 20, 2012 Superseding Information with four counts of Child Abuse in violation of 14 V.I.C. §505 alleging, *inter alia*, Defendant's possession of a firearm and ammunition within their home, discharging a firearm in the presence of the minors and shooting their mother.

 According to the People's Motion, Ms. Gonzales will testify that "she observed the defendant with a weapon in the home where the minors also resided." Motion, at 2. Rather than evidence of prior bad acts, in fact, the proffered testimony is direct evidence of the allegations of the crime charged.[5] As such, the proposed testimony will not be barred at this stage under Rule 404(b). admitted, to "complete the story" and to "explain the relationship of the parties or the

### IV. Defendant's alleged threats against Sandra Brannigan are admissible to "complete the story" and to "explain the relationship of the parties."

The People seek to introduce various threats allegedly made by Defendant against Sandra Brannigan during a visit of Ms. Brannigan to the residence of Defendant and the Victim some four months before March 19, 2010, through testimony by Sandra Brannigan and Mary Dupigny. Mary Dupigny will not be permitted to testify as to Ms. Brannigan's statements: that would constitute impermissible hearsay.

The direct testimony of Sandra Brannigan as to the events of the day of her visit will be circumstances surrounding a particular event" and the domestic life of Defendant, the Victim and her children. *Chinnery*, 55 V.I. at 526-527.

 Evidence pertaining to threats allegedly made by Defendant against Sandra Brannigan is admissible only in the context of Ms. Brannigan's description of the domestic scene as she found it on the

---

[5] The issue is not before the Court and no opinion is expressed and no ruling is made as to whether the fact of the possession of a firearm in the home of minor children, without more, constitutes sufficient evidence for conviction on the charge of Child Abuse in violation of 14 V.I.C. § 505.

day of her visit. Pursuant to Rule 404(a), testimony regarding Defendant's threats against Ms. Brannigan is not admissible to prove Defendant's character or to prove that on March 19, 2010 he committed acts of violence consistent with threats he had previously made. Rather, such evidence may be admitted only to show Defendant's motive, opportunity, intent, plan and the like, and to complete the story of describing the relationships between Defendant and the Victim and her children.

At trial, the Court will consider objections to evidence as presented, but at this time will not exclude evidence of Ms. Brannigan's previous visit to the home and Defendant's threats against her under Rule 404(b).

### V. Sandra Brannigan's testimony concerning the children's reports of what occurred during the shooting is impermissible hearsay.

The People seek to introduce evidence pertaining to the March 19, 2010 shooting involving Defendant, the Victim and her minor children, of statements made by the Victim's children to Sandra Brannigan, who would testify at trial. As with Ms. Brannigan's proposed testimony concerning the children's reports of prior domestic violence, this proffered testimony is also hearsay. Ms. Brannigan was not at the crime scene on March 19, 2010 and, therefore, cannot testify of her personal knowledge as to what occurred. The proposed evidence of the statements made to Ms. Brannigan by the minor children who were present is offered for the truth of the assertions of the children.

As noted, the "Tender Years" exception to the hearsay rule does not apply in the Virgin Islands and the People's reliance upon New Jersey case law is unpersuasive. See Supplemental Memorandum, at 6, citing *State v. Coder*, 198 N.J. 451, 968 A. 2d 1175 (N.J. 2009). New Jersey's statutory hearsay exception as to the admissibility of statements of a child relative to a sexual offense are not found in the Federal Rules of Evidence and are not applicable in this jurisdiction. As such, without any valid exception to the hearsay rule, the proposed testimony of Ms. Brannagan as to what the Victim's minor children told her will be excluded.

### CONCLUSION

Pursuant to Rule 802, the People may only solicit non-hearsay testimony from Defendant's former girlfriend Betsaida Santiago concerning the alleged prior acts of domestic violence by Defendant against her. While Rule 404(a) generally prohibits evidence concerning

176

prior bad acts, Rule 404(b)(2) contains several exceptions applicable in the present case. Prior evidence of Defendant's violent actions towards a previous domestic partner show Defendant's intent, plan and *modus operandi*; it completes the story of the crime and helps explain the circumstances surrounding a particular event.

The People seek to introduce the testimony of witnesses who will offer accounts of past abuse concerning the Victim and Defendant as told to them by other people. This testimony is inadmissible hearsay and will not be allowed. David Henry's observations of the March 19, 2010 incident do not relate to prior bad acts, are not hearsay and are admissible. Only witnesses who observed first-hand acts of abuse will be considered qualified to testify as to what they perceived.

The People seek to introduce through testimony of Vanessa Gonzales the fact of Defendant's prior possession of a firearm and ammunition within the home, which the People allege constitutes child abuse against the Victim's four minor children. This is not evidence of prior bad acts but is direct evidence of the allegations of the crimes charged. As such, this testimony is admissible for the purpose of proving the crimes charged.

The People seek to introduce the various threats allegedly made prior to March 19, 2010 by Defendant against Sandra Brannigan. The direct testimony of Sandra Brannigan as to the events of the day of her prior visit to the home will be admitted, to "complete the story" and to "explain the relationship of the parties or the circumstances surrounding a particular event," including the domestic setting of Defendant, the Victim and her children. Ms. Brannigan's testimony is not admissible to establish Defendant's character or to prove that on March 19, 2010, he committed acts of violence consistent with threats he had previously made, and an appropriate limiting instruction will be given.

Finally, the People seek to introduce through the testimony of Sandra Brannigan evidence pertaining to the March 19, 2010 shooting involving Defendant, the Victim and her minor children, as told by the Victim's children to Sandra Brannigan. As there is no applicable "Tender Years" hearsay exception in the Virgin Islands, only the children themselves may testify as to what they observed on March 19, 2010.

An appropriate Order will issue simultaneously herewith.