NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2541
_____

UNITED STATES OF AMERICA

v.

ROBERT MCCLAIN,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 3-06-cr-00008-001)
District Judge: Hon. Freda L. Wolfson

Submitted pursuant to Third Circuit LAR 34.1(a)
Tuesday, May 24, 2011

Before: McKEE, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*

(Opinion filed: July 27, 2011)

_____

OPINION
_____

McKEE, *Chief Judge*.

Appellant Robert McClain was convicted of possession with intent to distribute 50

grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)

(Count I), possession by a felon of a firearm with a defaced serial number, in violation of

1

18 U.S.C. § 922(g)(1) (Count II), and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count III). McClain was sentenced to 151 months on Count I, a concurrent term of 120 months on Count II, and a consecutive sentence of 60 months on Count III. In 2009, we subsequently affirmed McClain's conviction, but remanded for resentencing. On remand, the district court reduced McClain's sentence on Count I to 120 months and left the remainder of his sentence unchanged. McClain now appeals his new sentence. For the reasons set forth below, we will affirm.

## I.

Because we write primarily for the parties, we will recite only the facts and procedural history that are necessary for the disposition of this appeal.

In our prior decision, we vacated McClain's sentence and remanded the case for resentencing on Count I in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), and we remanded this case to the district court to "decide whether to reduce the sentence based on the amended advisory range and the standard set forth in 18 U.S.C. § 3582(c), . . . as well as to revisit any necessary and relevant factors pursuant to 18 U.S.C. § 3553(a)." *United States v. McClain*, 313 Fed. Appx. 552, 556 (3d Cir. 2009).

## II.

McClain now argues that the district court erred when it failed to consider his argument at resentencing that his conviction for possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), should run concurrent to his sentences on Counts I and II because he received a higher statutory mandatory

minimum sentence on Count I. Additionally, McClain argues that his sentence is substantively unreasonable.

When we remand a case for a limited resentencing, a defendant may not raise any issues at resentencing that were not properly preserved in the initial appeal. *United States v. Miller*, 594 F.3d 172, 178-79 (3d Cir. 2010). In his first appeal, McClain did not challenge the imposition of a consecutive sentence. Accordingly the issue has been waived.

Nevertheless, we think it helpful to note that the Supreme Court has held "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Abbott v. United States*, 131 S. Ct. 18, 23 (2010). Thus, even if this claim had been appropriately raised, McClain's challenge would be meritless.

McClain also asserts that his sentence was substantively unreasonable because the district court did not grant him a downward variance based on the § 3553(a) factors. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Id.* The district court sentenced McClain to a 180-month term of imprisonment. On Count I, the court sentenced McClain to 120 months of imprisonment, which represented a one month downward variance from the Guidelines range of 121-150 months. The court did not have any discretion to grant McClain a further variance because the statutory mandatory minimum on Count I was 120 months.

Likewise, on Count III, McClain was sentenced to 60 months and the court had no discretion to reduce this sentence because it was the statutory mandatory minimum. Given the statutory mandatory minimums and the requirement in *Abbott* that these sentences run consecutively, McClain received the lowest available sentence. Clearly, the district court's sentence was substantively reasonable.

III.

For all of the above reasons, we will affirm the district court's sentence.